ACCEPTED
13-14-00457-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
5/15/2015 10:31:57 AM
DORIAN RAMIREZ
CLERK

# NO. 13-14-00457-CR
# IN THE COURT OF APPEALS
## THIRTEENTH JUDICIAL DISTRICT
## AT CORPUS CHRISTI/EDINBURG, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
5/15/2015 10:31:57 AM
DORIAN E. RAMIREZ
Clerk

·····················································································

## VICTOR HERNANDEZ

### Appellant,

### Vs.

## THE STATE OF TEXAS

### Appellee.

··································································································

## ON APPEAL FROM THE 357TH DISTRICT COURT
## OF CAMERON COUNTY, T E X A S
## CAUSE NUMBER 2013 DCR 1953-E

··································································································

## BRIEF FOR APPELLANT

··································································································

DOUGLAS H. PETTIT
680 East St. Suite 600
Brownsville, Texas 78521
(956) 243-6455 PHONE
(888) 770-2904 FAX
DPETTITLAW@HOTMAIL.COM

COUNSEL FOR APPELLANT

1

# IDENTIFICATIONOF THE PARTIES

Pursuant to **Tex. R. App. P. 38.1(a**) a complete list of the names and addresses of all interested parties is provided so the members of this Honorable Court may determine whether they are disqualified to serve or should recuse themselves from participating in the decision of this case.

**Complaints or aggrieved parties**:       Yazmin Reyes

**Appellant or criminal Defendant**:       Victor Manuel Hernandez

**Trial counsel for Appellant**:       Hon. Ed Stapleton
Stapleton and Stapleton
2401 Wild Flower, Suite C
Brownsville, Texas 78520

**Counsel on appeal for the Appellant**:       Hon. Douglas H. Pettit
680 East St. Charles
Suite 600
Brownsville, Texas 78520

**Counsel for the State**:       Hon.  Oscar Guzman and Luis
Antonio De La Garza, Assistant
District Atorney964 East Harrison St.
Brownsville, Texas 78520

**Trial Judge**:       Hon.  Oscar Garcia
Presiding Judge
357th  District Court
Cameron County, Texas

# TABLE OF CONTENTS

IDENTIFICATION OF THE PARTIES.. . . . . . 2

TABLE OF CONTENTS. . . . . . . . 3-10

INDEX OF AUTHORITIES . . . . . . . 11-17

STATEMENT OF THE CASE.. . . . . . 18

STATEMENT REGARDING ORAL ARGUMENT. . . . 19

SUMMARY OF THE ARGUMENT . . . . . . 19-22

STATEMENT OF FACTS . . . . . . . 23-27

POINT OF ERROR NUMBER ONE . . . . . . 28

      Statement of Facts . . . . . . . 31

      Argument and Authorities . . . . . 40

POINT OF ERROR NUMBER TWO . . . . . 28

      Statement of Facts . . . . . . . 31

      Argument and Authorities . . . . . 40

POINT OF ERROR NUMBER THREE . . . . . 28

      Statement of Facts . . . . . . 31

      Argument and Authorities . . . . . 40

POINT OF ERROR NUMBER FOUR . . . . . 28

      Statement of Facts . . . . . . 31

Argument and Authorities . . . . . 40

POINT OF ERROR NUMBER FIVE . . . . . . 28

    Statement of Facts . . . . . . . 31

    Argument and Authorities . . . . . 40

POINT OF ERROR NUMBER SIX . . . . . . 29

    Statement of Facts . . . . . . . 31

    Argument and Authorities . . . . . 40

POINT OF ERROR NUMBER SEVEN . . . . . 29

    Statement of Facts . . . . . . . 31

    Argument and Authorities . . . . . 40

POINT OF ERROR NUMBER EIGHT . . . . . 29

    Statement of Facts . . . . . . . 31

    Argument and Authorities . . . . . 41

POINT OF ERROR NUMBER NINE . . . . . .. 29

    Statement of Facts . . . . . . 31

    Argument and Authorities . . . . . 40

POINT OF ERROR NUMBER TEN. . . . . . . 29

    Statement of Facts . . . . . . 31

    Argument and Authorities . . . . 40

POINT OF ERROR NUMBER ELEVEN. . . . . 30

Statement of Facts . . . . . . . 31

Argument and Authorities . . . . 40

POINT OF ERROR NUMBER TWELV E. . . . . . 30

Statement of Facts . . . . . . 31

Argument and Authorities . . . . 40

POINT OF ERROR NUMBER THIRTEEN.. . . . . 30

Statement of Facts . . . . . . 31

POINT OF ERROR NUMBER FOURTEEN. . . . . 30

Statement of Facts . . . . . . 31

Argument and Authorities . . . . . 40

POINT OF ERROR NUMBER FIFTEEN . . . . . 30

Statement of Facts . . . . . . 31

Argument and Authorities . . . . 40

POINT OF ERROR NUMBER SIXTEEN. . . . . . 30

Statement of Facts . . . . . . 31

Argument and Authorities . . . . 40

POINT OF ERROR NUMBER SEVENTEEN. . . . . 31

Statement of Facts . . . . . . 31

Argument and Authorities . . . . 40

POINT OF ERROR NUMBER EIGHTTEEN. . . . 31

5

Statement of Facts . . . . . . 31

Argument and Authorities . . . . 40

POINT OF ERROR NUMBER NINETEEN. . . . . 48

Statement of Facts . . . . . . 49

Argument and Authorities . . . . 50

POINT OF ERROR NUMBER TWENTY. . . . . . 48

Statement of Facts . . . . . . 49

Argument and Authorities . . . . 50

POINT OF ERROR NUMBER TWENTY ONE. . . . . 48

Statement of Facts . . . . . . 49

Argument and Authorities . . . . 50

POINT OF ERROR NUMBER TWENTY TWO. . . . . 48

Statement of Facts . . . . . . 49

Argument and Authorities . . . . 50

POINT OF ERROR NUMBER TWENTY THREE. . . 48

Statement of Facts . . . . . . 49

Argument and Authorities . . . . 50

POINT OF ERROR NUMBER TWENTY FOUR.. . . . 49

Statement of Facts . . . . . . 49

Argument and Authorities . . . . 50

POINT OF ERROR NUMBER  TWENTY FIVE. .      .      .      .      49

       Statement of Facts .      .      .      .      .      .      .      49

       Argument and Authorities      .      .      .      .      50

POINT OF ERROR NUMBER  TWENTY SIX. .      .      .      .      49

       Statement of Facts .      .      .      .      .      .      49

       Argument and Authorities      .      .      .      .      50

POINT OF ERROR NUMBER  TWENTY SEVEN.      .      .      .      54

       Statement of Facts .      .      .      .      .      .      58

       Argument and Authorities      .      .      .      .      58

POINT OF ERROR NUMBER  TWENTY EIGHT.      .      .      .      54

       Statement of Facts .      .      .      .      .      .      58

       Argument and Authorities      .      .      .      .      58

POINT OF ERROR NUMBER  TWENTY NINE. .      .      .      .      55

       Statement of Facts .      .      .      .      .      .      58

       Argument and Authorities      .      .      .      .      58

POINT OF ERROR NUMBER  THIRTY. .      .      .      .      55

       Statement of Facts .      .      .      .      .      .      58

       Argument and Authorities      .      .      .      .      58

POINT OF ERROR NUMBER  THIRTY ONE.      .      .      .      55

       Statement of Facts .      .      .      .      .      58

Argument and Authorities . . . . 58

POINT OF ERROR NUMBER THIRTY TWO. . . . . 55

Statement of Facts . . . . . . . 58

Argument and Authorities . . . . . 58

POINT OF ERROR NUMBER THIRTY THREE.. . . . 55

Statement of Facts . . . . . . . 58

Argument and Authorities . . . . . 58

POINT OF ERROR NUMBER THIRTY FOUR. . . . . 56

Statement of Facts . . . . . . . 58

Argument and Authorities . . . . . 58

POINT OF ERROR NUMBER THIRTY FIVE. . . . . 56

Statement of Facts . . . . . . . 58

Argument and Authorities . . . . . . 58

POINT OF ERROR NUMBER THIRTY SIX. . . . . 56

Statement of Facts . . . . . . . 58

Argument and Authorities . . . . . 58

POINT OF ERROR NUMBER THIRTY SEVEN.. . . . 56

Statement of Facts . . . . . . . 58

Argument and Authorities . . . . . 58

POINT OF ERROR NUMBER THIRTY EIGHT . . . . 56

Statement of Facts . . . . . . . 58

Argument and Authorities . . . . . 58

POINT OF ERROR NUMBER THIRTY NINE. . . . . 57

Statement of Facts . . . . . . . 58

Argument and Authorities . . . . . 58

POINT OF ERROR NUMBER FOURTY. . . . . . 57

Statement of Facts . . . . . . . 58

Argument and Authorities . . . . . 58

POINT OF ERROR NUMBER FOURTY ONE . . . . . 57

Statement of Facts . . . . . . . 58

Argument and Authorities . . . . . 58

POINT OF ERROR NUMBER FOURTY TWO. . . . . 57

Statement of Facts . . . . . . . 58

Argument and Authorities . . . . . 58

POINT OF ERROR NUMBER FOURTY THREE.. . . . 57

Statement of Facts . . . . . . . 58

Argument and Authorities . . . . . 58

POINT OF ERROR NUMBER FOURTY FOUR. . . . . 58

Statement of Facts . . . . . . . 58

Argument and Authorities . . . . . 58

POINT OF ERROR NUMBER FOURTY FIVE .     .     .     .     62

      Statement of Facts .     .     .     .     .     .     .     62

      Argument and Authorities     .     .     .     .     .     64

POINT OF ERROR NUMBER FOURTY SIX.     .     .     .     .     69

      Statement of Facts .     .     .     .     .     .     .     69

      Argument and Authorities     .     .     .     .     .     69

POINT OF ERROR NUMBER FOURTY SEVEN..     .     .     .     71

      Statement of Facts .     .     .     .     .     .     .     71

      Argument and Authorities     .     .     .     .     .     72

POINT OF ERROR NUMBER  FOURTY EIGHT .     .     .     .     71

      Statement of Facts .     .     .     .     .     .     .     71

      Argument and Authorities     .     .     .     .     .     72

POINT OF ERROR NUMBER  FOURTY NINE.  .     .     .     .     74

      Statement of Facts .     .     .     .     .     .     .     75

      Argument and Authorities     .     .     .     .     .     76

POINT OF ERROR NUMBER  FIFTY.     .     .     .     .     .     74

      Statement of Facts .     .     .     .     .     .     .     75

      Argument and Authorities     .     .     .     .     .     76

POINT OF ERROR NUMBER  FIFTY ONE.     .     .     .     .     80

      Statement of Facts .     .     .     .     .     .     .     80

Argument and Authorities. . . . . . 81

PRAYER FOR RELIEF . . . . . . . 85

CERTIFICATE OF SERVICE . . . . . . 86

CERTIFICATE OF COMPLIANCE . . . . . 86

11

# INDEX OF AUTHORITIES

## UNITED STATE CONSTITUTION

United States Constitution 6th amendment . . . 19,20,51,54,62

United States Constitution 14th amendment. 19,20,21,22,58,62,79

## TEXAS CONSTITUTION

Tex. Constitution Article One Section 10. . . . . 21,63,72,79

## TEXAS STATUES

Penal Code 22.02(b)(1)18. . . . . . . . 18

Texas Family Code71.0021(b) . . . . . . . 18

Tex.Code Crim.Proc.Ann. art. 35.16(c)(2)(c) (2) . . . 20,41,50,51

Texas Code of Crim. Proc 56.03. . . . . . . 79

Tex.Code Crim. Proc 37.07 . . . . . . . . 79

Texas Code of Criminal Procedure 38.08. . . . . 21,71,72

## COURT RULES

Tex Rules of Appellate Procedure 33.1(a). . . . . . 40

Tex Rules of Appellate Procedure 38.1(a) . . . . . 27

Tex Rules of Appellate Procedure 38.11 . . . . . 2

Tex Rules of Appellate Procedure 39.1 . . . . . 19

Tex Rules of Appellate Procedure 44.2(a) . . . , . 85

Tex Rules of Appellate Procedure 44.2(b). . . . . . 64.

Texas Rules of Evidence 401 . . . . . . . 21,77

Texas Rules of Evidence 802. . . . . . . . 22,81

Tex. R. Evid. 803(24). . . . . . . . . 83

**FEDERAL CASE LAW**

**Adams v. Texas** 448 U.S. 38; 412 S.Ct. 2521 (1980) . . . 59

**Booth v. Maryland**, 482 U.S. 496, 107 S.Ct. 2529 (1987. . . 78

**Chapman v. California**, 386 U.S. 18, 87 S.Ct. 824,(1967). . . 72,78

**Darden v. Wainwright**, 477 U.S. 168; 106 S.Ct 2464 (1986). . . 70,78

**Davis v. Zant**, 36 F.3d 1538, 1546 (11th Cir.1994). . . . 70

**Duncan v. Louisiana**, 391 U.S. 145, 88 S.Ct. 1444,(1968) . . 51

**Gordon v. Kelly**, 205 F.3d 1340 (6th Cir. 2000) . . . . 70

**Griffin v. California**, 380 U.S. 609, 85 S.Ct. 1229 (1965) . . 73

**Morgan v. Illinois**, 504 U.S. 719, 112 S. Ct. 2222(1992. . . 58

**Payne v. Tennessee,** 501 U.S. 808,111 S. Ct. 2597(1991 . . 78

**Ross v Oklahoma** 487 U.S. 81, 108 S.Ct. 2273 (1988). . . . 59

**U S v. Burr**, 25 F. Cas. 49, 50 (C.C.D. Va. 1807) . . . 50

**United States v. Carroll**, 26 F.3d 1380 (6th Cir.1994) . . . 69

**United States v. Wood**, 299 U.S. 123, 133, 57 S. Ct. 177, 179, (1936). 51

**STATE CASE LAW**

**Alcala v. State**, WL 6053837 (Tex. App. Nov. 14, 2013) . . . 82

**Anderson v. State**, 633 S.W.2d 851, 854 (Tex.Cr.App.1982) . . 43

**Banda v. State**, 890 S.W.2d 42, 53–54 (Tex.Crim.App.1994) . . 44

**Banks v. State**, 643 S.W.2d 129 (Tex.Crim.App.1982) . . . 73,74

**Barber v. State**, 628 S.W.2d 104 (Tex. App. 1981). . . . 73

**Bigby v. State**, 892 S.W.2d 864 (Tex. Crim. App. 1994) . . . 81

**Borjan v. State**, 787 S.W.2d 53(Tex.Crim.App.1990) . . . 66

**Brandley v. State**, 691 S.W.2d 699 (Tex.Cr.App.1985). . . . 68

**Brown v. State**, 270 S.W.3d 564 (Tex.Crim.App.2008) . . . 63,65

**Burks v. State**, 876 S.W.2d 877 (Tex. Crim. App. 1994) . . . 68

**Cain v. State**, 549 S.W.2d 707(Tex.Crim.App.1977) . . . 67

**Caldwell v. State**, 818 S.W.2d 790 (Tex.Cr.App.1991) . . . 74

**Cantu v. State,** 939 S.W.2d 627 Tex. Crim. App. 1997) . . . 65,66

**Cardenas v. State,** 305 S.W.3rd 773 (Tex. Ct. App.
[Ft. Worth] 2009 writ granted 2010) . . . . . . 42

**Chambers v. State**, 866 S.W.2d 9, 23 (Tex.Crim.App.1993) . . 52

**Clark v. State**, 717 S.W.2d 910, 915-17 (Tex. Crim. App. 1986) . 45

**Cofield v. State**, 891 S.W.2d 952 (Tex.Crim.App.1994) . . . 84

**Cortez v. State**, 683 S.W.2d 419 (Tex. Crim. App. 1984). . . 66

**Cumbo v. State,** 760 S.W.2d 251 (Tex.Crim.App.1988) . . . 41

**Curtis v. State**, 385 S.W. 3rd. 636 (Tex Ct. App.
[Amarillo] 2012) . . . . . . . . . 43,44

**Davis v. State**, 872 S.W.2d 743 (Tex.Crim.App.1994)    .    .    .    84

**Dickinson v. State**, 685 S.W.2d 320 (Tex.Crim.App.1984).    .    .    73,74

**Drakes v. State,** 505 S.W.2d 892 (Tex.Cr.App.1974).    .    .    .    67

**Feldman v. State,** 71 S.W.3d 738, 747 (Tex.Crim.App.2002)    .    .    47,52

**Ford v. State**, 919 S.W.2d 107 (Tex. Crim. App. 1996)    .    .    .    77

**Fuller v. State**, 829 S.W.2d 191 (Tex.Crim.App.1992)    .    .    .    42,52

**Gaddis v. State**, 753 S.W.2d 396 (Tex.Crim.App.1988). .    .    .    65

**Gonzalez v. State,** 296 S.W.3d 620 (Tex. App. 2009)    .    .    .    84

**Green v. State**, 2012 WL 4673756 (Tex. Crim. App.  2012)    .    .    65

**Hammond v. State**, 799 S.W.2d 741 (Tex.Cr.App.1990) .    .    .    67

**Harris v. State**, 790 S.W.2d 568 (Tex.Crim.App.1989)    .    .    .    41

**Hathorn v. State**, 848 S.W.2d 101 (Tex.Crim.App.1992)    .    .    65

**Head v. State**, 4 S.W.3d 258 (Tex. Crim. App. 1999)    .    .    .    82,83

**Jacobs v. State**, 787 S.W.2d 397, 405 (Tex.Crim.App.1990)    .    .    41

**Johnson v. State**, 43 S.W.3d 1 Tex. Crim. App.(2001)    .    .    .41,45,46

**Johnson v. State**, 982 S.W.2d 403 (Tex. Crim. App. 1998)    .    .    52

**Jones v. State**, 982 S.W.2d 386, 390 (Tex.Crim.App.1998)    .    .    44

**Jones v. State**  693 S.W.2d 406 (Tex. Crim. App. 1985)  .    .    .    73

**Kerns v. State,** 550 S.W.2d 91 (Tex.Cr.App.1977).    .    .    .    66

**Koller v. State**, 518 S.W.2d 373 (Tex.Cr.App.1975)    .    .    .    72

15

**Kunkle v. State**, 771 S.W.2d 435 (Tex.Cr.App.1986) . . . 67

**Ladd v. State,** 3 S.W.3d 547, 559 (Tex.Crim.App.1999) . . . 44

**Lawton v. State,** 913 S.W.2d 542(Tex.Crim.App.1995) . . . 82

**McKay v. State**, 707 S.W.2d 23 (Tex.Cr.App.1985) . . . 65

**Miller-El v. State,** 782 S.W. 2nd 892 (Tex. Crim. App. 1990) . . 78

**Montgomery v. State**, 810 S.W.2d 372 (Tex.Cr.App.1990) . . 77,81

**Moreno v. State,** 858 S.W.2d 453 (Tex.Cr.App.1993) . . . 76

**Mosley v. State**, 983 S.W.2d 249 (Tex.Crim.App.1998) . . 63,65,84

**Myers v. State**, 573 S.W.2d 19(Tex.Crim.App.1978) . . . 73

**Newbury v. State,** 135 S.W.3d 22, 30–31 (Tex.Crim.App.2004) . 46,47

**Owen v. State** 656 S.W.2d 458 (Tex. Crim App 1983) . . . 73

**Pena v. State**, 353 S.W.3d 797 (Tex.Crim.App.2011) . . . 82

**Pierce v. State**, 696 S.W.2d 899, 902–03 (Tex.Crim.App.1985) . . 46

**Pyles v. State,** 755 S.W.2d 98 (Tex.Cr.App.1988) . . . 67

**Raby v. State**, 970 S.W.2d 1 (Tex. Crim. App. 1998) . . . 61

**Salazar v. State**, 38 S.W.3d 141, 151 (Tex.Crim.App.2001) . . 82

**Sanders v. State,** 422 S.W.3d 809 (Tex. App. 2014) . . . 85

**Snowden v. State**, 353 S.W.3d 815 (Tex.Crim.App.2011) . . 84

**Stavinoha v. State,** 808 S.W.2d 76, 80 (Tex. Crim. App. 1991) . . 78

**Smith v. State**, 573 S.W.2d 763 (Tex.Crim.App.1977) . . . 51

16

**State v. Morales**, 253 S.W.3d 686, 694 (Tex. Crim. App. 2008) . 51

**Taylor v. State**, 268 S.W.3d 571(Tex.Crim.App.2008) . . . 82

**Tejerina v. State**, 786 S.W.2d 508(Tex. App. 1990) . . . 67

**Thomas v. State**, 519 S.W.2d 430 (Tex.Cr.App.1975) . . . 66

**Todd v. State**, 598 S.W.2d 286, 294 (Tex.Crim.App.1980) . . 73

**Weatherred v. State**, 15 S.W.3d 540 (Tex.Crim.App.2000) . . 77,81

**Weaver v. State**, 476 S.W.2d 326 (Tex.Crim.App.1972) . . 51

**Wesbrook v. State,** 29 S.W.3d 103(Tex.Crim.App.2000) . . 84

**Wolf v. State,** 147 Tex. Crim. App. 62, 278 S.W. 2d. 274 (1944) . 45

**Woodkins v. State,** 542 S.W.2d 855 (Tex.Crim.App.1976) . . 51

**Von Byrd v. State**, 569 S.W.2d 883, 891 (Tex.Crim.App.1978) . . 46

## OTHER JURIDICTIONS

**Morgan vs. Illinois** 142 Ill2d. 410, 568 N.E.2nd. 755 (1991) . . 59

## STATEMENT OF THE CASE

Appellant, **VICTOR MANUEL HERNANDEZ** was charged by indictment with the offense of aggravated assault against a person whom he had a dating relationship. **Texas Penal Code 22.02(b)(1)** (C.R. Vol 1 p. 5) The indictment alleged on or about May 11, 2012 the Appellant did then and there intentionally, knowingly or recklessly cause serious bodily injury to Yazmin Reyes by shooting her with a firearm. The indictment further alleged that the Appellant and Yasmin Reyes had a dating relationship as defined by section **71.0021(b).** of **the Texas Family Code**.

The Appellant entered a plea of guilty to the Court and requested that the jury asses sentence. (R.R. Vol 2 p. 10) The Court after admonishing the Appellant found the Appellant guilty and a jury was selected for punishment. After hearing the evidence from both the state and the defense, a jury assessed punishment at (50) fifty years in the Texas Department of Corrections.

Appellant filed motion for new trial on June 30, 2014 which was heard and overruled on August 13, 2014 (C.R. Vol 1 p. 691 ) this appeal follows.

## STATEMENT REGARDING ORAL ARGUMENT

Only if requested by Appellee or the Court. **Tex R.App. Proc. 39.1**

## SUMMUARY OF THE ARGUMENTS

**1-18**:  The Trial Court erred denying the Appellant's challenges for cause.   After voire dire exanimation was complete,  Appellant's attorney requested 35 potential jurors be struck for cause.  The Court brought up in three groups the jurors and inquired if they could be fair and impartial regarding the full range of punishment.  Appellant had requested that venire persons' numbers 1 Randy Villarreal,  11 Raymond Robles Jimenez, 13 Ruth Camins Faustino,  23 Baldemar, Cortez, 26 Miriam Micheel Avalos,  27 Luis Antonio Deleon,    28 Victor Manuel Pardo, Jr., 35 Sandra Alaniz,  38 Orfalinda Hernandez   7 Esmeralda Valdez,  8 Eddie Jaimes, 12 Myrna Stockton,  17, Roman Torres,  18 Eduardo Gonzalez,  25 Maria Delourdes Liendo, 30 Norberto Flores, Jr.,  33 Belinda H. Zavala and number 40, Abel  Villalpando, be stricken for cause under **Texas Code of  Criminal Procedure 35.16(c)(2)** in that they could not consider the full range of punishment.  Appellant exercised peremptory challenges against these individuals and objected to specific individuals serving on the jury who he would have struck, asked for additional strikes.

**19-26** Appellant was denied a fair and impartial trial as guaranteed by **the 6th and 14th amendment to the United States Constitution** when the trial court denied

19

peremptory challenges for cause against eight venire members who ultimately sat on the jury and assessed punishment. After voire dire exanimation was complete Appellant's attorney requested that venire numbers 7 Esmeralda Valdez, 8 Eddie Jaimes, 12 Myrna Stockton, 17, Roman Torres, 18 Eduardo Gonzalez, 25 Maria Delourdes Liendo, 30 Norberto Flores, Jr., 33 Belinda H. Zavala be stricken for cause under **Texas Code of Criminal Procedure 35.16(c)(2)** in that they could not consider the full range of punishment. Appellant objected to these individuals serving on the jury and it denied the Appellant a fair and impartial trial as guaranteed by the **United States Constitution 6th amendment**.

**27-44.** The Appellant was denied a fair and impartial trial as guaranteed by **the 6th and 14th amendment to the United States Constitution.** The trial improperly re qualified the prospective venire individuals who could not consider the full range of punishment. Appellant's attorney requested that juror numbers 1 Randy Villarreal, 11 Raymond Robles Jimenez, 13 Ruth Camins Faustino, 23 Baldemar, Cortez, 26 Miriam Micheel Avalos, 27 Luis Antonio Deleon, 28 Victor Manuel Pardo, Jr., 35 Sandra Alaniz, 38 Orfalinda Hernandez 7 Esmeralda Valdez, 8 Eddie Jaimes, 12 Myrna Stockton, 17, Roman Torres, 18 Eduardo Gonzalez, 25 Maria Delourdes Liendo, 30 Norberto Flores, Jr., 33 Belinda H. Zavala and number 40, Abel Villalpando, be stricken for cause under **Texas Code of Criminal Procedure 35.16(c)(2)** they could not consider the full range of

20

punishment. **45**. The Appellant was denied a fair and impartial trial under the **United States Constitution 14th Amendment** due process when the Trial Court erred by not granting a mistrial when the prosecutor in his final argument argued for community standards.

**46**. The Appellant was denied a fair and impartial trial in violation of his Due Process rights under the **United States Constitution 14th Amendment** when the States Attorney argued to the jury outside the record.

**47**. Appellant was denied the protection of the **Texas Constitution article one section 10** when the State's Attorney commented on the Appellant's right to remain silent in front of the jury by stating "you never gave a statement when you were arrested."

**48.** Appellant was denied the protection of the **Texas Code of Criminal Procedure 38.08** right to remain silent when the prosecutor commented in front of the jury "you never gave a statement when you were arrested. "

**49**. The trial court erred allowing the victim's father, Mr. Reyes, to testify regarding matters that were not relevant under **Texas Rules of Evidence 401** and that amounted to victim impact statements to prejudice the jury,

**50.** The trial court erred allowing the victim's father, Mr. Reyes to testify regarding matters that not relevant under **Texas Rules of Evidence 401** and amounted to a victim impact statement prejudicing the jury and denying the

appellant due process as required in the **14th Amendment United States Constitution.**

**51**.    Trial Court allowed hearsay evidence that the Appellant's mother had committed the offense of hindering Apprehension in violation of **Texas Rules of Evidence 802.**

## STATEMENT OF FACTS

Prior to the jury entering the courtroom the Appellant entered a plea of guilty to the indictment. (R.R. Vol 2 p. 10)  A jury was seated and the trial on punishment began.

Yazmin Reyes, the victim, in this case testified that on May 11, 2012 she had been at work during the day and was headed home around 5 p.m.  (R.R. Vol 2 p. 122).  She did not notice anything unusual at first, but after arriving at her home and exiting her car she saw the Appellant.

She first heard him calling out her name and she ignored him. (R.R. Vol 2 p. 126) She continued to proceed into her yard still ignoring the Appellant. (R.R. Vol 2 126)  She opened the gate to the cyclone fence surrounding her house.  The Appellant approached the fence and shot her numerous times. (State's Exhibit 82)[1]

After the shooting the Appellant fled and Ms. Reyes lay on the ground until her brother and other family members came from inside the house to assist her. (State's Exhibit 82)  An ambulance arrived and Ms. Reyes was taken to the hospital. (R.R. Vol 2. P. 129) She remained in the hospital for a week and a half. (R.R. Vol 2 p. 131)

---

[1] State's Exhibit 82 is a video of the actual shooting.

Ms. Reyes lost a significant amount of her intestine, stomach was stapled, her right arm shot and pins inserted, she suffered two major surgeries, and an enormous amount of pain and discomfort. (R.R. Vol 2 p. 136,137).  She also spent time in Houston undergoing a bone graft on her middle finger.  (R.R. Vol 2 p139) She testified that she moved to Los Fresno because she was fearful that the Appellant would come back (R.R. Vol. 2. p 138).

Ms. Reyes testified that she and the Appellant met when she was 19 years old (R.R. Vol 2. 152) She was also dating two other men while dating the Appellant in the beginning of their relationship. (R.R. Vol 2 p. 155) Eventually however, she and the Appellant became exclusive as boyfriend and girlfriend for around two years beginning in November of 2009. (R.R. Vol 2 109, 163) They broke up January of 2012.  She stated that the Appellant had become possessive and would not let her see her friends. (R.R. Vol 2 p. 114)

All though the relationship had ended in January of 2012, she continued to see him at her classes in college, or at the parking lot at her work. (R.R. Vol 2 p. 117) she stated the Appellant was trying to get back together with her but she refused. (R.R. Vol 2 p. 117)

Mr. Reyes, the victim's father, testified that his daughter was a good person. (R.R. Vol 2 p.184) He also testified about the injuries Ms. Reyes suffered as a

24

result of the Appellant's actions. (R.R. Vol. 2 p. 197) He explained to the jury the effect the shooting had on him as the father of Ms. Reyes. (R.R. Vol 3 p. 8,21,22)

Doctor Reece, the surgeon who attended Ms. Reyes testified as to the extent of Ms. Reyes injuries. This included the loss of a kidney, part of her intestine and the general condition she was in when she arrived at the emergency room. (R.R. Vol 3 p. 38)

Detectives' Hernandez and Briones both testified as to their actions at the scene. Police Officer Jose Garcia testified that he was sent to the Appellant's house where he retrieved a note written by the Appellant. The note was written prior to the shooting indicating to Appellant's family that he would be leaving on a business trip and would see them soon (R.R. Vol 3 p.130.)

Detective Clipper from the Brownsville Police Department testified that he was the investigating officer and recovered evidence from the scene. He also went to the downtown area close to the border bridge to Mexico and discovered the Appellant's vehicle abandoned. (R.R. Vol 3 p. 151)Detective Clipper also testified that on July 15, 2013 he was present when the Appellant turned himself into authorities at the bridge. (R.R.Vol 3 p. 163)

The State also called additional family members of Ms. Reyes and police offices. The family members each described the events on May 11, 2013 and Ms. Reyes relationship with the Appellant. All consistent with previous testimony.

25

The Appellant called family members, priest and friends to testify to the Appellant's character. The Appellant testified that on May 11, 2012 the day of the shooting he followed Ms. Reyes to her house. (R.R Vol 4. P 142 ) He got out of his car and he called her name and she ignored him. He stated he yelled Yazmin." He told the jury that he had the pistol with him and "I started shooting. I started shooting. I just don't know how many times. It was until you showed me the video that I saw how many times I shot her. (R.R. Vol 4 p. 148)

After shooting Ms. Reyes, the Appellant left his car in downtown Brownsville and went to Mexico where he remained for over 14 months. (R.R. Vol 4. P. 151)

**NO. 13-14-00457-CR**

**IN THE COURT OF APPEALS**
**FOR THE THIRTEENTH JUDICIAL DISTRICT**
**AT CORPUS CHRISTI – EDINBURG**

**VICTOR HERNANDEZ**
**Appellant**
**VS.**
**THE STATE OF TEXAS**
**Appellee**

**On Appeal from the 357TH Judicial District**

**of Cameron County, Texas**

**Trial Court Cause Number 13-DCR-2237-E**

**TO THE HONORABLE COURT OF APPEALS**:

COMES NOW, the **APPELLANT,** herein, **VICTOR HERNANDEZ,** and pursuant to **Tex. R. App. P. 38.1** files this Appellant's Brief requesting that the Court reverse the jury's verdict and trial court's sentence and render a judgment of acquittal or grant a new trial. **VICTOR HERNANDEZ** respectfully would show the Honorable Court the following:

## APPELLANT'S POINT OF ERROR NUMBER ONE[2]

THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S CHALLENGE FOR CAUSE TO VENIRE PERSON RANDY VILLARREAL WHO COULD NOT CONSIDER THE FULL RANGE OF PUNISHEMNT IN VIOLATION OF 35.16(c)(2)TEXAS CODE CRIMINAL PROCEDURE

## APPELLANT'S POINT OF ERROR NUMBER TWO

THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S CHALLENGE FOR CAUSE TO VENIRE PERSON RAYMOND ROBLES JIMENEZ WHO COULD NOT CONSIDER THE FULL RANGE OF PUNISHEMNT IN VIOLATION OF 35.16(c)(2)TEXAS CODE CRIMINAL PROCEDURE

## APPELLANT'S POINT OF ERROR NUMBER THREE

THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S CHALLENGE FOR CAUSE TO VENIRE PERSON BALDEMAR CORTEZ WHO COULD NOT CONSIDER THE FULL RANGE OF PUNISHEMNT IN VIOLATION OF 35.16(c)(2)TEXAS CODE CRIMINAL PROCEDURE

## APPELLANT'S POINT OF ERROR NUMBER FOUR

THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S CHALLENGE FOR CAUSE TO VENIRE PERSON MIRIAM MICHELL AVALOS WHO COULD NOT CONSIDER THE FULL RANGE OF PUNISHEMNT IN VIOLATION OF 35.16(c)(2)TEXAS CODE CRIMINAL PROCEDURE

## APPELLANT'S POINT OF ERROR NUMBER FIVE

THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S CHALLENGE FOR CAUSE TO VENIRE PERSON LUIS ANTONIO DELEON

---

[2] Appellant would request that in that the challenges for cause should have been granted against each of the above individuals and that the Honorable Court considers the Statement of Facts and Argument of Authorities in Points of Error number One through 18 under the same Argument and Authorities.

WHO COULD NOT CONSIDER THE FULL RANGE OF PUNISHEMNT IN VIOLATION OF 35.16(c)(2)TEXAS CODE CRIMINAL PROCEDURE

## APPELLANT'S POINT OF ERROR NUMBER SIX

THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S CHALLENGE FOR CAUSE TO VENIRE PERSON VICTOR MANUEL PARDO, JR WHO COULD NOT CONSIDER THE FULL RANGE OF PUNISHEMNT IN VIOLATION OF 35.16(c)(2)TEXAS CODE CRIMINAL PROCEDURE

## APPELLANT'S POINT OF ERROR NUMBER SEVEN

THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S CHALLENGE FOR CAUSE TO VENIRE PERSON SANDRA ALANIZ WHO COULD NOT CONSIDER THE FULL RANGE OF PUNISHEMNT IN VIOLATION OF 35.16(c)(2)TEXAS CODE CRIMINAL PROCEDURE

## APPELLANT'S POINT OF ERROR NUMBER EIGHT

THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S CHALLENGE FOR CAUSE TO VENIRE PERSON  OFRALINDA HERNANDEZ  WHO COULD NOT CONSIDER THE FULL RANGE OF PUNISHEMNT IN VIOLATION OF 35.16(c)(2)TEXAS CODE CRIMINAL PROCEDURE

## APPELLANT'S POINT OF ERROR NUMBER NINE

THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S CHALLENGE FOR CAUSE TO VENIRE PERSON ABEL VILLALPANO WHO COULD NOT CONSIDER THE FULL RANGE OF PUNISHEMNT IN VIOLATION OF 35.16(c)(2)TEXAS CODE CRIMINAL PROCEDURE

## APPELLANT'S POINT OF ERROR NUMBER TEN

THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S CHALLENGE FOR CAUSE TO VENIRE PERSON RUTH CAMINS FAUSTINO WHO COULD NOT CONSIDER THE FULL RANGE OF PUNISHEMNT IN VIOLATION OF 35.16(c)(2)TEXAS CODE CRIMINAL PROCEDURE

### APPELLANT'S POINT OF ERROR NUMBER ELEVEN

THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S CHALLENGE FOR CAUSE TO VENIRE PERSON NORA LEE GARZA WHO COULD NOT CONSIDER THE FULL RANGE OF PUNISHEMNT IN VIOLATION OF 35.16(c)(2)TEXAS CODE CRIMINAL PROCEDURE

### APPELLANT'S POINT OF ERROR NUMBER TWELVE

THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S CHALLENGE FOR CAUSE TO VENIRE PERSON ESMERALDA VALDEZ WHO COULD NOT CONSIDER THE FULL RANGE OF PUNISHEMNT IN VIOLATION OF 35.16(c)(2)TEXAS CODE CRIMINAL PROCEDURE

### APPELLANT'S POINT OF ERROR NUMBER THIRTEEN

THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S CHALLENGE FOR CAUSE TO VENIRE PERSON MYRNA STOCKTON WHO COULD NOT CONSIDER THE FULL RANGE OF PUNISHEMNT IN VIOLATION OF 35.16(c)(2)TEXAS CODE CRIMINAL PROCEDURE

### APPELLANT'S POINT OF ERROR NUMBER FOURTEEN

THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S CHALLENGE FOR CAUSE TO VENIRE PERSON MARIA DELOURDES LIENDO WHO COULD NOT CONSIDER THE FULL RANGE OF PUNISHEMNT IN VIOLATION OF 35.16(c)(2)TEXAS CODE CRIMINAL PROCEDURE

### APPELLANT'S POINT OF ERROR NUMBER FIFETEEN

THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S CHALLENGE FOR CAUSE TO VENIRE PERSON NORBERTO FLORES, JR., WHO COULD NOT CONSIDER THE FULL RANGE OF PUNISHEMNT IN VIOLATION OF 35.16(c)(2)TEXAS CODE CRIMINAL PROCEDURE

### APPELLANT'S POINT OF ERROR NUMBER SIXTEEN

THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S CHALLENGE FOR CAUSE TO VENIRE PERSON BELINDA H. ZAVALA

WHO COULD NOT CONSIDER THE FULL RANGE OF PUNISHEMNT IN VIOLATION OF 35.16(c)(2)TEXAS CODE CRIMINAL PROCEDURE

## APPELLANT'S POINT OF ERROR NUMBER SEVENTEEN

THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S CHALLENGE FOR CAUSE TO VENIRE PERSON ALBERTO JAVIER GARCIA WHO COULD NOT CONSIDER THE FULL RANGE OF PUNISHEMNT IN VIOLATION OF 35.16(c)(2)TEXAS CODE CRIMINAL PROCEDURE

## APPELLANT'S POINT OF ERROR NUMBER EIGHTEEN

THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S CHALLENGE FOR CAUSE TO VENIRE PERSON EDDIE JAIMES WHO COULD NOT CONSIDER THE FULL RANGE OF PUNISHEMNT IN VIOLATION OF 35.16(c)(2)TEXAS CODE CRIMINAL PROCEDURE

## STATEMENT OF FACTS

Appellant would rely on the previously written statement of facts and assert the following:

During voire dire the Appellant's trial attorney inquired regarding whether the prospective members of the jury could consider the entire range of punishment, including probation, for the offense of aggravated assault. Trial Counsel was able to identify the following numbered jurors as not being able to grant probation for the offense of aggravated assault.

MR. STAPLETON: Thank you. Three, four, five, seven, one, eight, nine, 10, 11, 12, 13, 14, 15, 16,17, 18, 20, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32,33, 34, 35, 37, 38, 40. (R.R. Vol 2 p. 46)

31

After each side had conducted voir dire the trial court brought back each of the above listed individuals in groups to determine if they had biases or prejudice, and could consider the full range of punishment.

The Court on its own motion brought back venire men and women in groups and inquired of the first panel members that included venire persons number one through 12 including, Randy Villarreal, Rigoberto Tovar, Jr., Rosen Jasso Salazar, Manuel Botello, Nora Lee Garza, Esmeralda Valdez, Eddie Jaimes, Leticia Tapia, Juan Miguel Hernandez, Raymond Robles Jimenez, Myrna Stockton.

> THE COURT: All right. There was a question posed to you very early in Mr. Stapleton's presentation as to whether or not you could consider the full range of punishment, which includes probation. And I think all of you indicated that you would have difficulty considering the full range of punishment; is that correct? (R.R. Vol 2 p.70)
>
> THE PANEL MEMBER: Yes.
>
> THE COURT: Now, if the Court instructs you that you're obligated to consider the full range of punishment, that's the law, which would include probation, will you set aside your feelings and be fair to both sides? Mr.Villarreal? (R.R. Vol 2 p. 70)

Appellant's counsel objected to the wording the trial judge used, specifically the words "fair and impartial trial to both sides." Appellant's counsel objected and indicated to the Court that the State is not entitled to a fair trial only the defendant based on the 5th amendment and due process. Counsel objected to the rehabilitation as being improper.

32

THE COURT: All right. Mr. Botello, can you consider the full range of punishment? Will you? Which includes probation.

THE PANEL MEMBER: I was thinking about rehabilitation.

THE COURT: No, but will you consider the whole range? All I'm trying to get at is will you set aside your feelings and follow the law and consider the full range of punishment, which includes probation? Yes?

THE PANEL MEMBER: Yes.

THE COURT: Ms. Valdez? Where is Ms. Valdez? Will you consider the full range of punishment?

THE PANEL MEMBER: Yes, sir.

THE COURT: Mr. James, will you consider the full range of punishment?

THE PANEL MEMBER: Yes, I can.

THE COURT: Ms. Tapia.

THE PANEL MEMBER: Yes.

THE COURT: Mr. Hernandez.

THE PANEL MEMBER: Being the father of four daughters, I cannot.

THE COURT: Cannot? Mr. Jimenez, will you consider the full range of punishment?

THE PANEL MEMBER: Me having three daughters, I can't consider the full range of punishment.

THE COURT: All right. Ms. Stockton.

THE PANEL MEMBER: Yes, I could.

Venire persons number 7, Valdez, number 8, Jaimes, and number 13 Ms. Stockton were on the jury. Appellant exercised strikes against venire persons number 1 Randy Villarreal, and number 11, Raymond Robles Jimenez.

The next group was brought in and questioned by the Court:

THE COURT: Ms. Flores, Ms. Cisneros, Ms. Martinez, Roman Torres, Eduardo Gonzalez, Mr. Godinez, Ms. Garcia, Mr. Cortez, and Ms. Fuller. Early in the presentation Mr. Stapleton asked you if you could consider the full range of punishment. All of you raised your hand and indicated that you could not. If I instruct you that you are to --you are by law to consider the full range of punishment, can you set aside your personal feelings and set – and consider the full range of punishment? Ms. Faustino?

THE PANEL MEMBER: Yes.

MS. STAPLETON: Judge, I will impose an objection that does not inquire about probation in specific.

THE COURT: The full range of punishment includes probation; and by law I am instructing you that you will have to consider the full range of punishment. Can you do that, Ms. Faustino?

THE PANEL MEMBER: Yes, Your Honor.

THE COURT: Ms. Flores?

THE PANEL MEMBER: I don't think so. By full range, you mean from probation –

THE COURT: From probation all the way to –

THE PANEL MEMBER: Either?

THE COURT: Up to five to life. Can you consider the full range of punishment, Ms. Cisneros?

34

THE PANEL MEMBER: Yes.

THE COURT: Ms. Martinez?

THE PANEL MEMBER: Yes, sir.

THE COURT: Mr. Torres?

THE PANEL MEMBER: Yes, sir.

THE COURT: Mr. Gonzalez?

THE PANEL MEMBER: Yes, sir.

THE COURT: Mr. Godinez?

THE PANEL MEMBER: Yes, Your Honor.

THE COURT: Ms. Garcia?

THE PANEL MEMBER: Yes, sir.

THE COURT: Mr. Cortez?

THE PANEL MEMBER: Yes, sir.

THE COURT: And Ms. Fuller?

THE PANEL MEMBER: No.

Venire persons number 17, Roman Torres, number 18 Eduardo Gonzalez,

were seated on the jury. The Appellant struck venire person number 13 Ruth

Camins Faustino and number 23 Baldemar Cortez.

The last group was brought into the courtroom:

THE COURT: If I could have Mr. Liendo, Ms.Avalos, Mr. DeLeon, Mr.
Pardo, Ms. Killpack, Mr. Flores, Ms. Cavazos, Mr. Medina, Ms. Zavala, Ms.

Carlos, Ms. Alaniz, Ms. Gonzalez, Ms. Hernandez, Mr. Villapando. Earlier in the presentation Mr. Stapleton asked you if you could consider the full range of punishment, and all of you raised your card indicating that you could not. I am instructing you that the law is that you must consider the full range of punishment, which comes from probation all the way to 99 or life. Having made that instruction to you, can you set aside your personal beliefs and consider the full range of punishment? Ms. Liendo?

THE PANEL MEMBER: Yes.

THE COURT: Ms. Avalos?

THE PANEL MEMBER: Yes.

THE COURT: Mr. DeLeon?

THE PANEL MEMBER: Yes.

THE COURT: Mr. Pardo?

THE PANEL MEMBER: Yes, sir.

THE COURT: Ms. Killpack?

THE PANEL MEMBER: Yes.

THE COURT: Mr. Flores?

THE PANEL MEMBER: Yes.

THE COURT: Yes? Ms. Cavazos?

THE PANEL MEMBER: Yes.

THE COURT: Mr. Medina?

THE PANEL MEMBER: Yes.

THE COURT: Ms. Zavala?

36

THE PANEL MEMBER: Yes.

THE COURT: Ms. Carlos?

THE PANEL MEMBER: I feel very nervous, very -- it's very hard for me to make a decision.

THE COURT: You feel very nervous?

THE PANEL MEMBER: Yes.

THE COURT: Do you feel so nervous that you cannot answer my question?

THE PANEL MEMBER: (Nodding.) When I heard that it was a criminal case –

THE COURT: You have to speak up, ma'am.

THE PANEL MEMBER: When I heard that it was a criminal case I was -- I got very nervous.

THE COURT: You don't believe you could be fair to both sides?

THE PANEL MEMBER: No.

THE COURT: Ms. Alaniz, can you consider the full range of punishment, which includes probation?

THE PANEL MEMBER: Yes.

THE COURT: Ms. Gonzalez?

THE PANEL MEMBER: No.

MR. STAPLETON: What number I Ms. Gonzalez, Your Honor?

THE PANEL MEMBER: Thirty-seven.

THE COURT: Ms. Hernandez?

37

THE PANEL MEMBER: Yes, sir.

THE COURT: Mr. Villapando?

THE PANEL MEMBER: Yes.

Venire persons number 25 Maria Delourdes Liendo, Norberto Flores, Jr., Belinda H. Zavala, served on the jury. Appellant struck venire persons number 26 Miriam Micheel Avalos, number 27, Luis Antonio DeLeon, number 28 Victor Manuel Pardo, Jr., number 35 Sandra Alaniz, number 38 Orfalinda Hernandez and number 40 Abel Villalpando.

The jurors were excused and the Court ruled that the following were struck for cause.

> THE COURT: All right. The Court is going to strike the following persons for cause: Number three, number four, number 10, number 14, number 24, number 34 and number 37.

> MR. STAPLETON: I didn't -- we have no further objections, reserving our objections to those ones previously objected to.

After the strikes had been made Appellant's trial counsel objected to the panel under Morgan vs. Illinois, stating that they were improperly rehabilitated. And specifically objected to Ofelia O. Espinoza, who was not able to consider probation, which she is number one; Nora L. Garza, who is unable to consider probation, who is number two; Esmeralda Valdez, unable to consider probation, number three; Eddie Jaimes, number four, unable to consider probation; Myrna

38

Stockton, number five, unable to consider probation. The Trial court overruled his objections

The jury lists in the Clerks record indicates that Appellant's trial attorney numbered his strikes 1through 10. (Clerks Record P. 653-654) The first person he strike as indicated on the document was juror number one Randy Villarreal. Appellant's attorney skipped over number 7 and 8 and next strike was for juror number 11, Raymond Robles Jimenez. Counsel continued down the list and reaching number 40 Able Villapando numbered his strike as number 9. (C. R. p. 654)

It appears from the list that counsel worked his way back up the list and struck juror number 13 as his tenth peremptory strike. This left jury number 12 Myrna Stockman,8, Eddie Jaimes, 7, Esmeralda Valdez, 6 Nora Lee Garza, and 2 Ofilia Espinosa as members of the jury he would have struck had he been provided the additional strikes. (R.R. Vol 2 p. 79)

The record confirms that appellant's trial attorney's main concern was having a jury that could consider the full range of punishment including probation. Ten of the Appellant's ten strikes were those individuals that had raised their hands

indicating that they could not consider probation as the full range of punishment.

(R.R. Vol. 2 p.70 ) and compared to Jury list (C.R. Vol. 1 p. 650,651,652). [3]

## STANDARD OF REVIEW AND
## ARGUMENTS AND AUTHORITIES

An appellant must properly preserve any issue for which he wants appellate review. **Tex.R.App.P. 33.1.** The following steps must be taken to preserve error following the erroneous denial of a challenge for cause:

> (1) the voire dire of the challenged venire member(s) must be recorded and transcribed;
>
> (2) the challenge(s) must be clear and specific;
>
> (3) following the denial of the challenge(s) for cause, the defendant must  peremptorily strike the venire member(s);
>
> (4) all peremptory strikes must be exhausted;
>
> (5) after the peremptory strikes are exhausted, the defendant must request  additional peremptory strikes to cure the error from the erroneous denial of the challenge(s) for cause;

---

[3] From the calculations of the strikes and the jury list 40 individuals were brought to the court, 10 individuals were struck for cause; each side exercised 10 peremptory challenges.  With the 10 individuals removed for because this left 30 individuals allowing for 12 jurors, and each side exercised 10 challenges, there was insufficient number of jurors to fulfill the jury.  No one recognized this but with one double strike (juror number 11) there was an insufficient number of jurors to proceed.

(6) the request for sufficient additional peremptory strikes to cure the error from the erroneous denial of the challenge(s) for cause must be denied; and

7) finally, the defendant must identify at least one member who was selected to serve on the jury as objectionable, the significance being that the objectionable juror(s) would have been peremptorily struck had the trial court not erred in denying the challenge(s) for cause. **Jacobs v. State**, 787S.W.2d 397, 405 (Tex.Crim.App.1990); **Harris v. State**, 790 S.W.2d 568,581 (Tex.Crim.App.1989); **Johnson v. State**, 43 S.W.3d at 5, 2001 Tex.Crim.App. LEXIS 23 (holding that, if these preservation requirements are met, any error in the denial of a challenge for cause is reversible error.)

The Appellant's trial attorney preserved error as required. He numbered his strikes on the jury list. He did not go straight down the list but clearly indicated by the numbering process the weight he placed on the strikes.

**Tex. Code Criminal Procedure Article 35.16(c)(2)** enables the defense to challenge a venire member for cause if the venire member has a bias or prejudice against any of the law applicable to the case. **Tex.Code Crim.Proc.Ann. art. 35.16(c)(2)** Therefore, once a prospective juror admits an inability to consider the full range of punishment, including community supervision, a sufficient foundation

41

has been laid to support a challenge for cause. **Cumbo v. State,** 760 S.W.2d 251, 255–56 (Tex.Crim.App.1988). Prospective jurors "must be able, in a sense, to conceive both of a situation in which the minimum penalty would be appropriate and of a situation in which the maximum penalty would be appropriate." **Fuller v. State***, 829 S.W.2d 191, 200 (Tex.Crim.App.1992), *cert. denied,* \*406 508 U.S. 941, 113 S.Ct. 2418, 124 L.Ed.2d 640 (1993).

The prospective jurors must be able to accept that, for the offense in question, the minimum legal punishment will be appropriate in some circumstances and the maximum legal punishment will be appropriate in some circumstances **Fuller v. State.**

Defendant's Counsel would specifically direct the court's attention to the case **Cardenas v. State,** 305 S.W.3rd 773 (Tex. Ct. App. [Ft. Worth] 2009 writ granted 2010). This case is analogous to the Defendant's case now before the Honorable Court. The Defendant is entitled to jurors who can consider the entire range of punishment. Once a prospective juror admits his inability to consider the full range of punishment a sufficient foundation has been laid to support a challenge for cause. **Cardenas v. State** id at 179.

At this point either the opposing party or trial court may examine the individual to verify the nature or extent of the panel member's position, but unless these inquiries ameliorate the unequivocal nature of the prior response, the trial

court must grant the challenge. **Curtis v. State**, 385 S.W. 3rd. 636 (Tex Ct. App. [Amarillo] 2012 citing Cardenas. Here the court failed to adequately question the venire as to why they felt that they could not consider the full range of punishment only that the law required them to do so.

In deciding whether a particular venire person is subject to a challenge for cause, it is always first a factual question for the trial judge to resolve whether a challenge for cause was factually good or bad. When a prospective juror is shown to be biased against the law, *as a matter of law,* he *must* be excused when challenged, even if he states that he can set his bias aside and be a fair and impartial juror. **Anderson v. State**, 633 S.W.2d 851, 854 (Tex.Cr.App.1982).

In Appellant's case the jurors listed above during clearly indicated that they could not consider the full range of punishment, this was acknowledged by the trial court when he brought the venire members up to the bench.

The trial court could have excused those members of the panel at that point in the voire dire and brought in another panel with additional jurors. The trial court acknowledges that the jurors brought back could not consider the full range of punishment and his attempt to incorrectly voire dire the individuals into accepting the full range of punishment for the offense of aggravated assault was improper.

Case law explains that first the law must be explained to the prospective juror and he must be asked whether he can follow that law regardless of his

43

personal views." *Id.* at 744; **Jones v. State**, 982 S.W.2d 386, 390 (Tex.Crim.App.1998), *cert. denied,* 528 U.S. 985, 120 S.Ct. 444, 145 L.Ed.2d 362 (1999); **Curtis v. State**, 205 S.W.3d 656, 659 (Tex.App.-Fort Worth 2006, pet. ref'd). Here the emphasis was you must follow the law and can you be fair and impartial to both sides. "I am instructing you that the law is that you **must** consider the full range of punishment, which comes from probation all the way to 99 or life." Having made that instruction to you, can you set aside your personal beliefs and consider the full range of punishment? The questions were improper.

In Texas, the trial court has discretion in ruling on challenges for cause, and its rulings will not be upset on appeal absent an abuse of discretion. An appellate court must examine the record as a whole to determine whether there is support for the trial court's rulings, and in doing so, the appellate court must give deference to the trial court, which was in a position to actually see and hear the venire man. **Ladd v. State,** 3 S.W.3d 547, 559 (Tex.Crim.App.1999); **Banda v. State**, 890 S.W.2d 42, 53–54 (Tex.Crim.App.1994). Here the Appellate court must look at the statement made by the trial court to determine if the Court adequately informed the 35 jurors of the law.

If the law is adequately and correctly explained and the trial court does not abuse its discretion the and juror states that he believes that he can set aside any biases he may have, and the trial court overrules a challenge for cause, its decision

will be reviewed in light of all of the answers the prospective juror gives **Clark v. State,** 717 S.W.2d 910, 917 (Tex. Crim. App. 1986)

Appellant asserts that the challenge for cause should have been granted when requested by the Appellant's trial attorney. The court did not adequately inform the jurors as to the proper issue and at most the jurors acquiesced to the trial court's statement regarding the "law is that you must consider the full range of punishment."

In **Johnson v. State** 43 S.W. 3rd. 1 (Tex.Crim.App. App. 2001) the court reiterates the position as expressed in 1944 case **Wolf v. State,** 147 Tex. Crim. App. 62, 278 S.W. 2d. 274 (1944). The Court explained that a "right is violated when the defendant is forced to use a peremptory challenge on a juror who should have been removed for cause. And as a result the defendant is required to accept a different juror who is objectionable to him."

In Appellant's case he used each and every strike to eliminate potential jurors that could not consider the full range of punishment and still was left with 8 members of the jurors identified as individuals that he would have stricken.

Denial of a proper challenge for cause is error because the makeup of the jury affects its decision. **Johnson v. State** 43 S.W. 3rd 1 (Tex. Crim. App. 2001). The Court in Johnson cites **Wolfe v. State** 147 Tex. Crim. 62, 178 S.W. 274 (1944) for the premise that in Texas the use of the peremptory challenge is to allow

the accused or state to remove a venire member without stating a reason and If one of the accused peremptory challenges could be taken away from him, why not five, why not ten, leaving none, and all jurors be acceptable save unfair and partial ones" citing **Wolfe i**d at 72, 178, S.W. 2nd. At 279—280.  **Pierce v. State**, 696 S.W.2d 899, 902–03 (Tex.Crim.App.1985) (holding that the trial court erroneously denied the defendant's challenge for cause when a panel member said that he could not consider granting probation in a murder case); **Von Byrd v. State**, 569 S.W.2d 883, 891 (Tex.Crim.App.1978), *cert. denied,* 441 U.S. 967, 99 S.Ct. 2418, 60 L.Ed.2d 1073 (1979).

The trial court's rulings on Appellant's challenges for cause harm Appellant by effectively depriving him of one of his statutorily allotted peremptory challenges  The Court in **Newbury v. State,** 135 S.W.3d 22, 30–31 (Tex.Crim.App.2004); **Johnson v. State**, 43 S.W.3d 1, 6 (Tex.Crim.App.2001). stated that the harm from the erroneous denial of a defense challenge for cause focused on whether a peremptory challenge "was wrongfully taken from" the defendant. **Johnson**, 43 S.W.3d at 6. Such harm occurs "(1) when a defendant exercises a peremptory challenge on a venire member whom the trial court should have excused for cause at the defendant's request, (2) the defendant uses all of his statutorily allotted peremptory challenges, and (3) the defendant unsuccessfully requests an additional peremptory challenge which he claims he would use on

another venire member whom the defendant identifies as 'objectionable' and who sits on the jury." **Newbury**, 135 S.W.3d at 31. When these conditions are met, we have stated that the trial court's erroneous denial of a defense challenge for cause harms the defendant by effectively depriving him of one of his statutory peremptory challenges because "he had to use a peremptory challenge to remove a venire member who should have been removed for cause."

The Appellant's trial attorney correctly identified the individuals who stated they could not consider the full range of punishment on voire dire. The trial court in an attempt to rehabilitate the jurors brought the jurors back into the court room and questioned them regarding their ability to be fair and impartial. The Appellant met his burden to establish that the challenge was proper. **Feldman v. State,** 71 S.W.3d 738, 747 (Tex.Crim.App.2002).

The State and Appellant's attorney had an opportunity to voire dire the individuals regarding this issue and it was clear that those individuals that raised their hands indicated they could not consider the full range of punishment. As the proponent the Appellant has demonstrated that the panel members understood the requirements of the law and they were not able to overcome their prejudices well enough to follow them.

The trial court abused his discretion and was incorrect on the law. The appellant was harmed. Appellant would request that the Honorable Court grant

47

these points of error and reverse and remand the said cause for a new trial on punishment.

### APPELLANT'S POINT OF ERROR NUMBER NINETEEN

APPELLANT WAS DENIED A FAIR AND IMPARTIAL JURY GUARANTEED BY THE UNITED STATES CONSITUTION 6TH AMENDMENT. THE JURY CONSISTED OF UNQUALIFIED JUROR ESMERALDA VALDEZ.

### APPELLANT'S POINT OF ERROR NUMBER TWENTY

APPELLANT WAS DENIED A FAIR AND IMPARTIAL JURY GUARANTEED BY THE UNITED STATES CONSITUTION 6TH AMENDMENT. THE JURY CONSISTED OF UNQUALIFIED JUROR EDDIE JAIMES

### APPELLANT'S POINT OF ERROR NUMBER TWENTY ONE

APPELLANT WAS DENIED A FAIR AND IMPARTIAL JURY GUARANTEED BY THE UNITED STATES CONSITUTION 6TH AMENDMENT. THE JURY CONSISTED OF UNQUALIFIED JUROR MYRNA STOCKTON

### APPELLANT'S POINT OF ERROR NUMBER TWENTY TWO

 APPELLANT WAS DENIED A FAIR AND IMPARTIAL JURY GUARANTEED BY THE UNITED STATES CONSITUTION 6TH AMENDMENT. THE JURY CONSISTED OF UNQUALIFIED JUROR ROMAN TORRES.

### APPELLANT'S POINT OF ERROR NUMBER TWENTY THREE

 APPELLANT WAS DENIED A FAIR AND IMPARTIAL JURY GUARANTEED BY THE UNITED STATES CONSITUTION 6TH AMENDMENT. THE JURY CONSISTED OF UNQUALIFIED JUROR EDUARDO GONZALEZ.

**APPELLANT'S POINT OF ERROR NUMBER TWENTY FOUR**

APPELLANT WAS DENIED A FAIR AND IMPARTIAL JURY GUARANTEED BY THE UNITED STATES CONSITUTION 6TH AMENDMENT. THE JURY CONSISTED OF UNQUALIFIED JUROR MARIA DELOURDES LIENDO.

**APPELLANT'S POINT OF ERROR NUMBER TWENTY FIVE**

APPELLANT WAS DENIED A FAIR AND IMPARTIAL JURY GUARANTEED BY THE UNITED STATES CONSITUTION 6TH AMENDMENT. THE JURY CONSISTED OF UNQUALIFIED JUROR NORBERTO FLORES JR.

**APPELLANT'S POINT OF ERROR NUMBER TWENTY SIX**

APPELLANT WAS DENIED A FAIR AND IMPARTIAL JURY GUARANTEED BY THE UNITED STATES CONSITUTION 6TH AMENDMENT. THE JURY CONSISTED OF UNQUALIFIED JUROR BELINDA H. ZAVALA. [4]

**STATEMENT OF FACTS**

The Appellant would rely on the previously written statement of facts and add the following:

As stated above the Appellant provided the Court with the adequate information regarding those jurors that had indicated that they could not consider the full range of punishment including probation.

MR. STAPLETON: Your Honor, on behalf of Mr. Hernandez, we have a list of 35 who are not able to consider the full range of punishment, and we will

---

[4] In that each of the number points of error contain one juror that served on the jury and should have been struck for cause it is requested that each point of error be considered under the same Statement of Facts and Argument and Authorities.

move that they be stricken for cause. That would be, and to make the record clear, these 35 all said that they wouldn't -- not be able to consider probation. And they include one, three, four, five, seven, eight, nine, 10, 11, 12, 13, 14, 15, 16, 17,18, 20, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33,34, 35, 37, 38, 40. (R.R. Vol 2 p 70)

The Court ended up excluding:

THE COURT: All right. The Court is going to strike the following persons for cause: Number three, number four, number 10, number 14, number 24, number 34 and number 37.

The final jury consisted of venire person numbers 2, Ofilia Espinoza, 6, Nora Lee Garza, 7, Esmeralda Valdez, 8, Eddie Jaimes, 12, Myrna Stockton, 17, Roman Torres, 18, Eduardo Gonzalez, 25, Maria Delourdes, Liendo, 30 Norberto Flores Jr., 33 Belinda H. Zavala,  36 Jay Medina, and 39 Alberto Javier Garcia. All but number 2, Ofilia Espinoza, 6 Nora Lee Garza, 36 Jay Medina and 39 Alberto Javier Garcia all but four had been brought up and allegedly rehabilitated by the Court.

## ARGUMENTS AND AUTHRORITIES

The great value of the trial by jury certainly consists in its fairness and impartiality. Those who most prize the institution, prize it because it furnishes a tribunal which may be expected to be uninfluenced by an undue bias of the mind" **U S v. Burr**, 25 F. Cas. 49, 50 (C.C.D. Va. 1807)

The Sixth Amendment promise of "an impartial jury" applies to the states. Regardless of what **Texas Code Criminal Procedure Article 35.16(c)(2)**

provides, a state court would be bound to grant a challenge for cause if the failure to do so would result in a biased jury. **State v. Morales**, 253 S.W.3d 686, 694 (Tex. Crim. App. 2008) U.S. Const. amend. VI & XIV, § 1; **Duncan v. Louisiana**, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).**State v. Morales**, 253 S.W.3d 686, 694 (Tex. Crim. App. 2008).

The Sixth Amendment requires that 'in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury.' The Amendment prescribes no specific tests. The bias of a prospective juror may be actual or implied; that is, it may be bias in fact or bias conclusively presumed as matter of law. All persons otherwise qualified for jury service are subject to examination as to actual bias. **United States v. Wood**, 299 U.S. 123, 133, 57 S. Ct. 177, 179, 81 L. Ed. 78 (1936)

In a criminal trial, "both the [defendant] and the State ha [ve] the right to have jurors who believe in the full range of punishment." **Woodkins v. State,** 542 S.W.2d 855, 862 (Tex.Crim.App.1976). The right of the defendant arises from **Article 35.16(c)(2)(c) (2),** and the right of the State arises from **Article 35.16(c)(2)(b) (3).** **Smith v. State**, 573 S.W.2d 763, 764 (Tex.Crim.App.1977); **Weaver v. State**, 476 S.W.2d 326, 327 (Tex.Crim.App.1972).

Prospective jurors "must be able, in a sense, to conceive both of a situation in which the minimum penalty would be appropriate and of a situation in which the

51

maximum penalty would be appropriate." **Fuller v. State**, 829 S.W.2d 191, 200 (Tex.Crim.App.1992), *cert. denied, *406 508 U.S. 941, 113 S.Ct. 2418, 124 L.Ed.2d 640 (1993) "Jurors must be able to keep an open mind with respect to punishment until they hear the evidence in the case being tried."**Johnson v. State**, 982 S.W.2d 403, 405-06 (Tex. Crim. App. 1998)

If a trial judge errs in overruling a challenge for cause against a venire member, then a defendant is harmed if he uses a peremptory strike to remove the venire member and thereafter suffers a detriment from the loss of the strike. **Feldman v. State**, 71 S.W.3d 738, 744 (Tex.Crim.App.2002). Appellant was denied any additional peremptory strikes.

To demonstrate harm, appellant must show that the trial court erroneously denied one challenge for cause**. Chambers v. State**, 866 S.W.2d 9, 23 (Tex.Crim.App.1993). Here appellant asserts that the trial court denied eighteen challenges for cause, not one but eighteen and eight of the jurors ended up deciding the fate of the Appellant.

During the voire dire process each side inquired regarding the full range of punishment. The State stated the following:

> it's anywhere between five years in prison or up to 99 years or life in prison. So it's also -- it's possible for a jury to consider probation. Now, of course, if you want to give probation, then we go on into -- you go onto the prison sentence, which would be anywhere from five years all the way up to 99 years or life Now, again, to be sitting on the jury you got to be able to be able to consider the full range of punishment, which is not only the prison

part, which is five to 99 years or life, but also the possibility of probation."
R.R. Vol 2. p. 58 )

The Appellant's trial attorney stated:

> You can give up to ten years probation now, the first area of inquiry is whether or not you can consider the full range of punishment. And, of course, that's important, because if there is anybody who said well, there is no case under which I would consider giving anybody more than twenty years, then they wouldn't be able to consider the full range of punishment. And the other part of that is, under our law, if someone is eligible for probation, you all have to be able to consider probation, and you don't have to give it. As someone just mentioned, I'd like to see all the evidence and find out what's there; but that would be the first inquiry that I would have of you. Is there anybody here -- and just understand that this is the offense. It is laid out, that there is an intention or knowing or reckless, serious bodily injury, with a shooting, a firearm, to a woman, Yazmin, and that it was someone with whom Mr. Hernandez had a dating relationship. And I -- we don't explore the facts any further than that, but that's what you begin within the case. Is there anybody who says, all right, I've heard that? I know what he has pled guilty to, and really, truly, I cannot consider probation. That's just out of the question. If you feel that way, would you raise your card up?(R.R. Vol 2 p45-46).

The following jurors rose up their cards and each one was of the venire were brought back before the judge.

> MR. STAPLETON: Thank you. Three, four, five, seven, one, eight, nine, 10, 11, 12, 13, 14, 15, 16,17, 18, 20, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32,33, 34, 35, 37, 38, 40. All right. Thank you very much. (R.R. Vol 2 p. 46)

These jurors had all ready disqualified themselves and nothing the court could do would change that fact. The Appellant was left with using each one of his ten strikes to eliminate as many of the individuals who had been re qualified. He still did not have a sufficient number of strikes.  Eight members of the jury who

53

had originally admitted that they could not consider probation as part of the full range of punishment served on the jury.

The Appellant was denied a fair and impartial jury under the Sixth Amendment to the United States Constitution. It is clear if one unqualified juror sits on the jury what would be the affect of eight jurors judging the fate of the Appellant regarding punishment?

Appellant would request that the Honorable Court grant the above listed points of error number and order the Appellant a new trial on punishment.

## APPELLANT'S POINT OF ERROR NUMBER TWENTY SEVEN[5]

APPELLANT WAS DENIED A FAIR AND IMPARTIAL JURY GUARANTEED BY THE UNITED STATES CONSITUTION 6TH AMENDMENT. THE TRIAL COURT IMPROPERLY REQUALIFIED JURORS. THE JURY CONSISTED OF UNQUALIFIED JUROR **ESMERALDA VALDEZ.**

## APPELLANT'S POINT OF ERROR NUMBER TWENTY EIGHT

APPELLANT WAS DENIED A FAIR AND IMPARTIAL JURY GUARANTEED BY THE UNITED STATES CONSITUTION 6TH AMENDMENT. THE TRIAL COURT IMPROPERLY REQUALIFIED JURORS. THE JURY CONSISTED OF UNQUALIFIED JUROR **EDDIE JAIMES**

---

[5] It is requested that the Honorable Court consider each of the above listed points of error under the same Statement of Facts and Arguments and Authorities.

**APPELLANT'S POINT OF ERROR NUMBER TWENTY NINE**

APPELLANT WAS DENIED A FAIR AND IMPARTIAL JURY GUARANTEED BY THE UNITED STATES CONSITUTION 6TH AMENDMENT. THE TRIAL COURT IMPROPERLY REQUALIFIED JURORS. THE JURY CONSISTED OF UNQUALIFIED JUROR **MYRNA STOCKTON**

**APPELLANT'S POINT OF ERROR NUMBER THIRTY**

APPELLANT WAS DENIED A FAIR AND IMPARTIAL JURY GUARANTEED BY THE UNITED STATES CONSITUTION 6TH AMENDMENT. THE TRIAL COURT IMPROPERLY REQUALIFIED JURORS. THE JURY CONSISTED OF UNQUALIFIED JUROR **ROMAN TORRES.**

**APPELLANT'S POINT OF ERROR NUMBER THIRTY ONE**

APPELLANT WAS DENIED A FAIR AND IMPARTIAL JURY GUARANTEED BY THE UNITED STATES CONSITUTION 6TH AMENDMENT. THE TRIAL COURT IMPROPERLY REQUALIFIED JURORS. THE JURY CONSISTED OF UNQUALIFIED JUROR **EDUARDO GONZALEZ.**

**APPELLANT'S POINT OF ERROR NUMBER THIRTY TWO**

APPELLANT WAS DENIED A FAIR AND IMPARTIAL JURY GUARANTEED BY THE UNITED STATES CONSITUTION 6TH AMENDMENT. THE TRIAL COURT IMPROPERLY REQUALIFIED JURORS. THE JURY CONSISTED OF UNQUALIFIED JUROR **MARIA DELOURDES LIENDO.**

**APPELLANT'S POINT OF ERROR NUMBER THIRTY THREE**

APPELLANT WAS DENIED A FAIR AND IMPARTIAL JURY GUARANTEED BY THE UNITED STATES CONSITUTION 6TH AMENDMENT. THE TRIAL COURT IMPROPERLY REQUALIFIED JURORS. THE JURY CONSISTED OF UNQUALIFIED JUROR **NORBERTO FLORES JR.**

**APPELLANT'S POINT OF ERROR NUMBER THIRTY FOUR**

APPELLANT WAS DENIED A FAIR AND IMPARTIAL JURY GUARANTEED BY THE UNITED STATES CONSITUTION 6TH AMENDMENT.  THE TRIAL COURT IMPROPERLY REQUALIFIED JURORS. THE JURY CONSISTED OF UNQUALIFIED JUROR **BELINDA H. ZAVALA.**

**APPELLANT'S POINT OF ERROR NUMBER THIRTY FIVE**

APPELLANT WAS DENIED A FAIR AND IMPARTIAL JURY GUARANTEED BY THE UNITED STATES CONSITUTION 6TH AMENDMENT.  THE TRIAL COURT IMPROPERLY REQUALIFIED VENIRE PERSON **RANDY VILLARREAL** AND THE APPELLANT WAS FORCED TO USE A STRIKE ON THIS PERSON.

**APPELLANT'S POINT OF ERROR NUMBER THIRTY SIX**

APPELLANT WAS DENIED A FAIR AND IMPARTIAL JURY GUARANTEED BY THE UNITED STATES CONSITUTION 6TH AMENDMENT.  THE TRIAL COURT IMPROPERLY REQUALIFIED VENIRE PERSON **RAYMOND ROBLES JIMENEZ** AND THE APPELLANT WAS FORCED TO USE A STRIKE ON THIS PERSON.

**APPELLANT'S POINT OF ERROR NUMBER THIRTY SEVEN**

APPELLANT WAS DENIED A FAIR AND IMPARTIAL JURY GUARANTEED BY THE UNITED STATES CONSITUTION 6TH AMENDMENT.  THE TRIAL COURT IMPROPERLY REQUALIFIED VENIRE PERSON **RUTH CAMINS FAUSTINO** AND THE APPELLANT WAS FORCED TO USE A STRIKE ON THIS PERSON.

**APPELLANT'S POINT OF ERROR NUMBER THIRTY EIGHT**

APPELLANT WAS DENIED A FAIR AND IMPARTIAL JURY GUARANTEED BY THE UNITED STATES CONSITUTION 6TH AMENDMENT.  THE TRIAL COURT IMPROPERLY REQUALIFIED VENIRE PERSON **BALDEMAR CORTEZ** AND THE APPELLANT WAS FORCED TO USE A STRIKE ON THIS PERSON.

**APPELLANT'S POINT OF ERROR NUMBER THIRTY NINE**

APPELLANT WAS DENIED A FAIR AND IMPARTIAL JURY GUARANTEED BY THE UNITED STATES CONSITUTION 6TH AMENDMENT. THE TRIAL COURT IMPROPERLY REQUALIFIED VENIRE PERSON **MIRIAM MICHEEL AVALOS** AND THE APPELLANT WAS FORCED TO USE A STRIKE ON THIS PERSON.

**APPELLANT'S POINT OF ERROR NUMBER FORTY**

APPELLANT WAS DENIED A FAIR AND IMPARTIAL JURY GUARANTEED BY THE UNITED STATES CONSITUTION 6TH AMENDMENT. THE TRIAL COURT IMPROPERLY REQUALIFIED VENIRE PERSON **LUIS ANTONIO DELEON** AND THE APPELLANT WAS FORCED TO USE A STRIKE ON THIS PERSON.

**APPELLANT'S POINT OF ERROR NUMBER FORTY ONE**

APPELLANT WAS DENIED A FAIR AND IMPARTIAL JURY GUARANTEED BY THE UNITED STATES CONSITUTION 6TH AMENDMENT. THE TRIAL COURT IMPROPERLY REQUALIFIED VENIRE PERSON **VICTOR MANUEL PARDO, JR**., AND THE APPELLANT WAS FORCED TO USE A STRIKE ON THIS PERSON.

**APPELLANT'S POINT OF ERROR NUMBER FORTY TWO**

APPELLANT WAS DENIED A FAIR AND IMPARTIAL JURY GUARANTEED BY THE UNITED STATES CONSITUTION 6TH AMENDMENT. THE TRIAL COURT IMPROPERLY REQUALIFIED VENIRE PERSON **SANDRA ALANIZ** AND THE APPELLANT WAS FORCED TO USE A STRIKE ON THIS PERSON.

**APPELLANT'S POINT OF ERROR NUMBER FORTY THREE**

APPELLANT WAS DENIED A FAIR AND IMPARTIAL JURY GUARANTEED BY THE UNITED STATES CONSITUTION 6TH AMENDMENT. THE TRIAL COURT IMPROPERLY REQUALIFIED VENIRE PERSON **ORFALINDA HERNANDEZ** AND THE APPELLANT WAS FORCED TO USE A STRIKE ON THIS PERSON.

**APPELLANT'S POINT OF ERROR NUMBER FORTY FOUR**

APPELLANT WAS DENIED A FAIR AND IMPARTIAL JURY
GUARANTEED BY THE UNITED STATES CONSITUTION 6TH
AMENDMENT.  THE TRIAL COURT IMPROPERLY REQUALIFIED VENIRE
PERSON **ABEL VILLAPANDO** AND THE APPELLANT WAS FORCED TO
USE A STRIKE ON THIS PERSON.

**STATEMENT OF FACTS**

Appellant would rely on the previously written statement of facts for judicial

economy.

**ARGUMENT AND AUTHORITIES**

Appellant would assert that the inquiry by the trial court as to whether the

prospective jurors could consider the full range of punishment was analogous to

the United States Supreme Court case **Morgan v. Illinois**, 504 U.S. 719, 719-20,

112 S. Ct. 2222, 2224-25, 119 L. Ed. 2d 492 (1992).  In Morgan the Court was

asked to determine whether Morgan was entitled to relief under the **14th**

**Amendment of the United States Constitution** due process clause and dealt with

four issues.

1. Whether a jury provided to a capital defendant at the sentencing phase must be impartial

2. Whether such defendant is entitled to challenge for cause and have removed on the ground of bias a prospective juror who will automatically vote for death penalty irrespective of the facts or the trial court's instructions of law.

3. Whether on voire dire the court must, on defendant's request,

58

inquire into the prospective jurors' views on capital punishment.

The trial judge in Morgan had brought panels of potential jurors and inquired generally of the panels of the potential jurors, "would you follow my instructions on the law even though you may not agree" **Morgan** at 112S.Ct 2224. The trial judge in Morgan than brought forth every juror that was impaneled and asked whether each could be "fair and impartial." The Illinois Supreme Court up held the verdict saying "nothing requires a trial court to question potential jurors so as to identify and exclude any who would vote for the death penalty in every case after conviction for a capital offense **Morgan v. Illinois,** 142 Ill2d. 410, 470; 154 Ill. Dec 534, 557; 568 N.E.2nd. 755,778 (1991)

The United States Supreme Court in Morgan explained that as set out in **Adams v. Texas** 448 U.S. 38; 412 S.Ct. 2521 (1980). That a juror who in no case would vote for capital punishment regardless of his or her instructions, is not an impartial juror and must be removed for cause. The Court continued and explained in **Ross v Oklahoma** 487 U.S. 81, 108 S.Ct. 2273 (1988) that when a trial judge fails to remove a potential juror for cause it was a constitutional error and "denies the defendant on trial for his life the right to an impartial jury" **Morgan i**d.

The Supreme Court reiterated this view in the Morgan decision. Stating: "We reiterate that view today. A juror who will automatically vote for the death penalty in every case will fail in good faith to consider the evidence of aggravating

and mitigating circumstances as the instructions require him to do, indeed because such a juror has already formed an opinion on the merits, the presence or absence of either aggravating or mitigating circumstances is entirely irrelevant to such a such juror. Therefore based on the requirement of impartiality embodied in the due process clause of the fourteenth amendment, a capital defendant may challenge for cause any prospective juror who maintains such views." Morgan Id.

The court continued its decision stating that "as with other trial situations where an adversary wishes to exclude a juror because of bias, then, it the adversary seeking exclusion who must demonstrate through questioning that the potential juror lacks impartiality. It is then the judges duty to determine whether the challenge is proper" **Morgan** id. Appellant adequately demonstrated those jurors that could not consider the full range of punishment.

The court in Morgan considered the questions posed by the trial judge and made the determination that general question as to fairness and impartiality was not sufficient. It left the specific concern unprobed. **Morgan** id.

United States Supreme Court in Morgan stated "it is insufficient to only ask venire members if they are law-abiding citizens, whether they would be able to follow the law as instructed, or if they would be able to listen to all evidence with an open mind." Such questions invite an affirmative answer. "Few venire members will declare in open court that they refuse to follow the law or are narrow-minded

60

by nature or circumstance." Therefore, further probing is necessary to remove venire members who will not be able to evaluate all the evidence. **Raby v. State**, 970 S.W.2d 1, 12-13 (Tex. Crim. App. 1998)

In Appellant's case, trial counsel challenged for cause those prospective jurors who would not consider the full range of punishment as they had stated during Appellant's trial counsel voire dire. Counsel laid out some of the requirements of probation and the jurors continued to indicate that they could not consider the full range of punishment.

The trial court did nothing more than to scratch the surface of the issue by asking if they could be fair and impartial. The trial court's denial and requalification denied the Appellant, his right to be tried by those jurors who could consider the full range of punishment which included probation for the offense that the Appellant was on trial.

The trial court explanation to the jury to be that they only had to be fair and impartial to both sides was not a complete or adequate explanation regarding the full range of punishment. As stated in Morgan id

"As to general questions of fairness and impartiality, such jurors could in all truth and candor respond affirmatively, personally confident that such dogmatic views are fair and impartial, while leaving the specific concern unprobed."**Morgan v. Illinois,** 504 U.S. 719, 735-36, 112 S. Ct. 2222, 2233, 119 L. Ed. 2d 492 (1992)

61

The juror's were not adequately informed by the Trial Court in his questioning regarding punishment. The inquiry was totally unsatisfactory and calculated to place the juror's in a position of saying I can be fair and impartial. It is clear that the Court committed error when it denied the Appellant's challenges for cause against juror's , Esmeralda Valdez, 8, Eddie Jaimes, 12, Myrna Stockton, 17, Roman Torres, 18, Eduardo Gonzalez, 25, Maria Delurdes, Liendo, 30 Norberto Flores Jr., 33 and Belinda H. Zavala, who served on the jury and numbers 1 Randy Villarreal, 11 Raymond Robles Jimenez, 13, Ruth Camins Faustino, 23 Baldemar Cortez, 26, Miriam Micheel Avalos, 27, Luis Antonio Deleon, 28, Victor Manuel Pardo, JR., 35, Sandra Alaniz, 38, Orfalinda Hernandez, and 40 Abel Villalpando who he was forced to exercise a peremptory challenge. This constitutionally incorrect questioning denied the Appellant a fair and impartial jury as guaranteed under the 6th amendment made applicable to the States in the 14th amendment due process clause. The final jury that debated the Appellant's fate only four had not expressed a concern regarding the full range of punishment. The remaining 8 each had indicated that they could not initially consider probation, the minim and should have been immediately disqualified. The inquiry by the trial judge was totally insufficient to rehabilitate the jurors and was constitutionally unsound.

Appellant would request that the Honorable Court grant the above points of error and reverse and remand the above cause for a new punishment hearing in accordance with Texas Rules of Appellant Procedure.

## APPELLANT'S POINT OF ERROR NUMBER FORTY FIVE

DEFENDANT WAS DENIED A FAIR AND IMPARTIAL TRIAL UNDER THE TEXAS CONSTITUTION ARTICLE ONE SECTION 10 BY DENYING APPELLANT'S MOTION FOR MISTRIAL AFTER THE STATE ATTORNEY COMMITTED REVERSABLE ERROR IN FINAL ARGUMENT

## STATEMENT OF FACTS

Appellant would rely on the previously written statement of facts and add the following which occurred during State's final argument.
A.

State's Attorney: Ladies and gentlemen, today you represent the citizens of Cameron County. Today you speak for all of us, and you can send a strong message. We are not going to tolerate this type of thing. Okay. When these sort of things happen --

MR. STAPLETON: I will object to message-setting arguments. They are improper, Your Honor.

THE COURT: Sustained. (R.R. Vol 5 p. 100)

After being warned not to argue community standards the District Attorney in the next breath stated:

.

State's Attorney ladies and gentlemen, speak for us and send the message we're not going to tolerates people like this.

MR. STAPLETON: I object to send a message argument, previously objected, previously sustained.

THE COURT:      That was sustained.

MR. GUZMAN:    That is admissible, Your Honor.

THE COURT:      I am sustaining the objection.

MR. STAPLETON: I'd ask the jury be instructed to disregard.

THE COURT:      The jury is instructed to disregard send a message.

MR. STAPLETON: And move for a mistrial.

THE COURT: It's denied. (R.R.Vol 5 p. 100-101)

## STANDARD OF REVIEW
## ARGUMENT AND AUTHORITIES

The Appellant is guaranteed a fair and impartial trial under the **Texas Constitution Article One Section Ten. Brown v. State**, 270 S.W.3d 564 (Tex.Crim.App.2008)

The question of whether a mistrial for improper argument should have been granted involves most, if not all, of the same considerations that attend a harm analysis. Tex.R.App. P. 44.2(b). **Mosley v. State**, 983 S.W.2d 249, 259 (Tex.Crim.App.1998) (holding improper jury arguments are nonconstitutional violations governed **by Rule 44.2(b) of the Texas Rules of Appellate Procedur**e).

64

To determine whether the trial court abused its discretion in denying appellant's motion, the Court must balance the following three factors: (1) the severity of the misconduct; (2) any curative measures; and (3) the certainty of conviction absent the misconduct **Green v. State**, No. AP-76,458, 2012 WL 4673756, at 27 (Tex. Crim. App. Oct. 3, 2012), **Brown v. State**, 270 S.W.3d 564 (Tex.Crim.App.2008); **Mosley,** 983 S.W.2d at 259.

In evaluating the severity of the misconduct the Court must assess "whether the jury argument is extreme or manifestly improper, looking at the entire record of final arguments to determine if there was a willful and calculated effort on the part of the State to deprive the Appellant of a fair and impartial trial." **Brown,** 270 S.W.3d at 573 (quoting **Cantu v. State,** 939 S.W.2d 627, 633 Tex. Crim. App. 1997). **McKay v. State**, 707 S.W.2d 23, 37 (Tex.Cr.App.1985), *cert. denied* 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986).

The purpose of closing argument is to assist the fact-finder in drawing proper conclusions and inferences from the evidence. **Gaddis v. State**, 753 S.W.2d 396, 400 (Tex.Crim.App.1988) The approved general areas of argument are: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel, and (4) plea for law enforcement. **Hathorn v. State**, 848 S.W.2d 101, 117 (Tex.Crim.App.1992) The statement fell outside the

reasonable zone for final argument and exceeded the permissible bounds of the approved area stated above.

## Severity of The Misconduct

The remarks from the attorney must have been a willful and calculated effort on the part of the State to deprive appellant of a fair and impartial trial **Cantu v. State,** 939 S.W.2d 627, 633 (Tex.Crim.App.), *cert. denied,* 522 U.S. 994, 118 S.Ct. 557, 139 L.Ed.2d 399 (1997) Moreover, in order for an improper argument to rise to a level mandating reversal, the argument must be "extreme or manifestly improper, or inject new and harmful facts into evidence." *Id.,* at 36, citing **Kerns v. State,** 550 S.W.2d 91 (Tex.Cr.App.1977); **Thomas v. Sta***te,* 519 S.W.2d 430 (Tex.Cr.App.1975).

Clearly, it was improper to demand community expectations after being advised not to use this tactic. These were an offensive and flagrant error. The argument relating to community standards should be disapproved by this Court. The effect of the language used asks the jury to punish the defendant upon public sentiment or desire, rather than upon the evidence that the jury had received. **Cortez v. State**, 683 S.W.2d 419, 421 (Tex. Crim. App. 1984)

It is allowable for the State to make a proper plea for law enforcement. **Borjan v. State**, 787 S.W.2d 53, 55–56 (Tex.Crim.App.1990). This statement was not a plea for law enforcement. "Send the message we're not going to tolerates people like

66

this."Asks the jury to assess punishment based on sentiment and not on the facts heard during the trial. The State may not suggest to the jury that the community at large expects or requires a particular verdict or punishment in a particular case. **Cain v. State**, 549 S.W.2d 707, 717 (Tex.Crim.App.1977), *cert. denied,* 434 U.S. 845, 98 S.Ct. 149, 54 L.Ed.2d 111 (1977). **Tejerina v. State**, 786 S.W.2d 508, 512-13 (Tex. App. 1990)

This was an offensive and flagrant error which warrants reversal. In looking at the entire argument the State was told and admonished not to use this type of argument, but even after being warned continued to use this argument to increase the Appellant's punishment. The conduct was willfully manipulation that was calculated to deny the Appellant a fair and impartial trial

### Curative Measures

Where argument is improper because it is outside the record, the error may be cured by a jury instruction to disregard the evidence. **Hammond v. State**, 799 S.W.2d 741 (Tex.Cr.App.1990) (citations omitted); **Pyles v. State,** 755 S.W.2d 98, at 118 (Tex.Cr.App.1988); **Drakes v. State,** 505 S.W.2d 892 (Tex.Cr.App.1974).

However, if such argument is manifestly improper or so extreme that an instruction will not work to cure the error, reversal will be mandated. **Kunkle v. State**, 771 S.W.2d 435 (Tex.Cr.App.1986), cert. denied, 492 U.S. 925, 109 S.Ct. 3259, 106 L.Ed.2d 604 (1989), rehearing denied, 492 U.S. 937, 110 S.Ct. 21, 106

L.Ed.2d 634 (1989); **Brandley v. State**, 691 S.W.2d 699 (Tex.Cr.App.1985);

**Burks v. State**, 876 S.W.2d 877, 907 (Tex. Crim. App. 1994)

Here the Appellant asked the Court to instruct the jury to disregard the statements of the prosecutor however the prosecutor continued the same argument even after being admonished not to do so. This harm cannot be cured.

At some point the Courts must say that if the trial court is asking the jury to disregard statements something is not right. The Courts must question whether the prosecutor is deceptively influencing or misleading the jury, thus denying the appellant a fair trial. In reviewing the record as a whole and in its entirety the statements made by the State could not have been erased from the minds of the jury. The instructions to disregard were not sufficient and the Appellant was denied a fair and impartial trial.

## Certainty of Conviction Absent The Misconduct

The entire range of punishment was available to the jury. The jury assessed punishment 10 years less than what was asked by the District Attorney. The Appellant's attorney asked for probation. Placing the issue of community standards in front of the jury could only have increased the Appellant's punishment.

It is requested that the Court of Appeals grant Point of Error Number Forty Four and reverse and remand this cause and the Appellant be granted a new trial.

**APPELLANT'S POINT OF ERROR NUMBER FORTY SIX**

DEFENDANT WAS DENIED A FAIR AND IMPARTIAL TRIAL UNDER THE UNITED STATES CONSTITUTION FOURTEENTH AMENDMENT DUE PROCESS BY DENYING APPELLANT'S MOTION FOR MISTRIAL AFTER THE STATE ATTORNEY COMMITTED REVERSABLE ERROR IN FINAL ARGUMENT MAKING STATEMENTS NOT CONTAINED WITHIN THE RECORD:

**STATEMENT OF FACTS**

The Appellant would rely on all previously written Statement of Facts and requests that the Honorable Court consider all previously written Statement of Facts.

**STANDARD OF REVIEW AND
ARGUMENT AND AUTHORITIES**

The Fourteenth Amendment guarantees a state criminal defendant due process of law, including a fair trial. *See* U.S. Const. Amend. XIV ("No State shall ... deprive any person of life, liberty, or property, without due process of law...."). In **United States v. Carroll**, 26 F.3d 1380 (6th Cir.1994), The *Carroll* court reiterated that the court must first determine whether the challenged statements were improper. If improper, the court must determine whether they were sufficiently flagrant to warrant reversal.

In determining the flagrancy of the misconduct, the court looks at a variety of factors: (1) whether the remarks tended to mislead the jury or to prejudice the

accused; (2) whether they were isolated or extensive; (3) whether they were deliberately or accidentally presented before the jury; and (4) the strength of the evidence against the accused. **Carroll**, 26 F.3d at 1384, 1389-90.**Gordon v. Kelly**, 205 F.3d 1340 (6th Cir. 2000)

The Supreme Court has held that a death sentence is unconstitutional only if the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." **Darden v. Wainwright**, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) Due process is denied "when there is a reasonable probability," or "a probability sufficient to undermine confidence in the outcome," that, but for the offending remarks, "the outcome of the proceeding would have been different." **Davis v. Zant**, 36 F.3d 1538, 1546 (11th Cir.1994). Thus, where the evidence of guilt is overwhelming, an improper comment by a prosecutor usually does not render the trial fundamentally unfair in violation of the Constitution. Here the comment was made during the punishment stage of the trial. The entire intent on the part of the prosecution was to obtain a heavy sentence from the jury. Expressing the community expectation argument was one way of obtaining sentiment in favor of the State's position.

Here, the comments by the Prosecutor were totally calculated to render the punishment phase of the trial fundamentally unfair. The total argument was to

inflame the mind of the jury and to punish the Appellant based on community expectations.

Appellant requests that the Honorable Court grant Point of Error Number Five and reverse and remand the above numbered and styled cause.

## APPELLANT'S POINT OF ERROR NUMBER FORTY SEVEN

APPELLANT WAS DENIED THE PROTECTION OF THE TEXAS CONSTITUTION ARTICLE ONE SECTION 10 THE RIGHT TO REMAIN SILENT WHEN THE PROSECUTORASKED THE APPEALLANT "WHEN YOU TURNED YOUR  SELF OVER TO THE POLICE AT THE BRIDGE, YOU  NEVER GAVE A STATEMENT?"

## APPELLANT'S POINT OF ERROR NUMBER FORTY EIGHT

APPELLANT WAS DENIED THE PROTECTION OF THE TEXAS CODE OF CRIMINAL PROCEEDURE 38.08, THE RIGHT TO REMAIN SILENT, WHEN THE PROSECUTOR ASKED THE APPELLANT "WHEN YOU TURNED YOUR SELF OVER TO THE POLICE AT THE BRIDGE, YOU NEVER GAVE A STATEMENT?"

## STATEMENT OF FACTS

Appellant would rely on the previously written statement of facts and add

The following: During the cross examination of the Appellant the following line of question occurred:

| State's Attorney: | So, and just to be clear that when you and your lawyer turned you over to the police at the bridge, you never gave a statement? |
| --- | --- |
| MR. STAPLETON | I'll object, Your Honor. That's -- we've previously discussed that. It's a violation of 38.22, the right not to testify. It's completely improper. |

71

| | |
|---|---|
| MR. GUZMAN: | I didn't make any comment on the fact that he is the reason why he did give a statement or not. I said did he give one or not. |
| THE COURT: | I am sustaining the objection. |
| MR. STAPLETON: | And I ask that the jury be instructed to disregard. |
| THE COURT: | Jury is instructed to disregard. |
| MR. STAPLETON: | And I move for a mistrial. |
| THE COURT: | It's denied. (R.R. Vol 5 p. 13) |

## STANDARD OF REVIEW AND
## ARGUMENT AND AUTHORITIES

It is fundamental law that the failure of an accused to testify may not be the subject of comment by the prosecution. Such a comment violates both the privilege against self-incrimination contained in **Tex.Const. art. I, s 10** and the specific mandate of **Tex.Code Crim.Pro.Ann. art. 38.08** (Vernon 1979). The Code provides in pertinent part:

(T)he failure of any defendant to ... testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause. **Koller v. State**, 518 S.W.2d 373 (Tex.Cr.App.1975). Such a comment has been also held in violation of the Fifth Amendment to the United States Constitution which is made applicable to the States by virtue of the Fourteenth Amendment. See **Chapman v. California**, 386 U.S. 18, 87 S.Ct. 824,

72

17 L.Ed.2d 705 (1967); **Griffin v. California**, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).**Barber v. State**, 628 S.W.2d 104, 111 (Tex. App. 1981)

In evaluating a prosecutor's argument to determine if it was a comment on the accused failure to testify, the language used must be viewed from the stand point of the jury. **Jones v. State**, 693 S.W.2d 406 (Tex. Crim. App. 1985)  The implication of the language used must be plain. It is not enough that it might be construed as an indirect reference to the accused silence. **Banks v. State**, 643 S.W.2d 129, 134 (Tex.Crim.App.1982); **Todd v. State**, 598 S.W.2d 286, 294 (Tex.Crim.App.1980).

The test to be employed is whether the language used was manifestly intended or was of such a nature that the jury would naturally and necessarily take it to be a comment on the accused failure to testify. **Jones**, 693 S.W.2d at 407; **Banks** 643 S.W.2d at 134. This test must be applied to the particular facts and circumstances of each case. **Jones**, 693 S.W.2d at 407; **Dickinson v. State**, 685 S.W.2d 320, 323 (Tex.Crim.App.1984). If the argument complained of called the jury's attention to the absence of evidence which the appellant alone could have supplied, error is shown. **Owen v. State** 656 S.W.2d 458 (Tex. Crim App 1983) **Myers v. State**, 573 S.W.2d 19, 21 (Tex.Crim.App.1978)

Argument will constitute a comment upon the defendant's failure to testify if "the language used [is] manifestly intended or [is] of such character that the jury

73

would naturally and necessarily take it to be a comment on the accused failure to testify." **Caldwell v. State**, 818 S.W.2d 790, 800 (Tex.Cr.App.1991) **Dickinson v. State**, 685 S.W.2d 320, 323 (Tex.Cr.App.1984); **Banks v. State,** 643 S.W.2d 129, 134 (Tex.Cr.App.1982). The facts and circumstances of each case must be analyzed to determine whether the language is of such a character as to direct the jury to the defendant's failure to testify. **Dickinson**, 685 S.W.2d at 323.

The question to the Appellant indicated to the jury that the Appellant only now is coming forward with his version of the facts. This is a comment by the district attorney on Appellant's right to remain silent. This question is improper in that it directs the jury's attention to the absence of a statement by the Appellant at the time of his arrest. It is a direct violation of the right to remain silent.

It is requested that the Honorable Court grant Points of Error Number and reverse and remand the above numbered and styled cause for a new trial on punishemnt.

**APPELLANT'S POINT OF ERROR NUMBER FORTY NINE**

THE TRIAL COURT ERRED ALLOWING THE VICTIMS FATHER, MR. REYES TO TESTIFY REGARDING MATTERS THAT WERE NOT RELEVANT UNDER TEXAS RULES OF EVIDENCE 401 AND AMOUNTED TO VICTIM IMPACT STATEMENTS THAT PREJUDICED THE JURY

**APPELLANT'S POINT OF ERROR NUMBER FIFTY**

THE TRIAL COURT ERRED ALLOWING THE VICTIMS FATHER, MR. REYES TO TESTIFY REGARDING MATTERS THAT WERE NOT RELEVANT UNDER TEXAS RULES OF EVIDENCE 401 AND AMOUNTED

74

TO VICTIM IMPACT STATEMENTS THAT PREJUDICED THE JURY IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTUON

## STATEMENT OF FACTS

Appellant would request that the Honorable Court consider the previously written statement of facts and consider the following:

Q. What about emotional scars? Are -- do you have any still there?

MR. STAPLETON: I will --

A. We got the flashbacks.

THE COURT: Hold on. Sir, when he makes an objection, you need to stop, okay?

THE WITNESS: Okay. I'm sorry. I'm sorry.

MR. STAPLETON: I will object to the relevance of that with this witness.

MR. DE LA GARZA: It's very relevant as to the issue that we are here for today, Your Honor.

THE COURT: All right. It's overruled. He can answer.

Q. (BY MR. DE LA GARZA) You can answer the question. Are there any emotional scars that live with you today?

A. Yes, sir, they are. They will be there.

Q. Have you heard of the term cause and effect, for every action, there is a reaction? Have you heard that?

MR. STAPLETON: I will object to that. It's an improper question. It's basically an argument that's being made, and it's, therefore, leading.

MR. DE LA GARZA: Your Honor, I am asking him a yes or no question.

75

MR. STAPLETON: It's not relevant.

MR. DE LA GARZA: It is relevant as to the question I am about to develop following this.

THE COURT: All right. It's overruled.

MR. DE LA GARZA: Thank you, Your Honor.

Q. (BY MR. DE LA GARZA) Have you heard of those two things?

A. Yes, sir.

Q. You know the conduct -- tell us the effect it's had. Tell the jury. This is your opportunity to tell the jury.

A. Well, that changed our lives forever. It was the effect of this cause. Like I said before, we were --we were a happy family. Trying to get there, okay? You know, but it's -- it hasn't been the same since then. Right now we're -- we kind of know who, because we know where he is right now he can't reach her. So, but the flashbacks are there every day personally. It's there every day. And I saw the video and I don't want to see the video ever again.

MR. DE LA GARZA: Pass the witness, Your Honor.

## STANDARD OF REVIEWAND
## ARGUMENT AND AUTHORITIES

Questions of relevance should be left largely to the trial court, and will not be reversed absent an abuse of discretion. **Moreno v. State,** 858 S.W.2d 453, 463 (Tex.Cr.App.1993), *cert. denied,* 510 U.S. 966, 114 S.Ct. 445, 126 L.Ed.2d 378 (1993) and —— U.S. ——, 114 S.Ct. 1389, 128 L.Ed.2d 63 (1994). In reviewing a trial court's relevancy decision via the abuse of discretion standard, as long as the

76

trial court's ruling was at least within the zone of reasonable disagreement, we will not intercede. **Montgomery v. State**, 810 S.W.2d 372, 391 (Tex.Cr.App.1990) (op. on reh'g). We must determine whether in the instant cause, the trial court abused its discretion in determining that the testimony of the decedent's mother, father, and sisters was "relevant to sentence[.]"**Ford v. State**, 919 S.W.2d 107, 115 (Tex. Crim. App. 1996)

The appellate court must uphold the Trial Court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. The appellate court must review the Trial Court's ruling in light of what was before the Trial Court at the time the ruling was made. **Weatherred v. State**, 15 S.W.3d 540, 542 (Tex.Crim.App.2000).

Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
**Tex.R.Crim.Evid. 401**.

The greater part of Mr. Reyes testimony was devoted to a description of the emotional trauma suffered by the family and himself. The victim had testified as to the emotional trauma she suffered, but the State of Texas continued to introduce evidence of the impact of the assault on the entire family including Mr. Reyes.

77

The Appellant's counsel objected under relevance (Texas Rules of Evidence 401). The United States Supreme Court originally prohibited the introduction of evidence of impact on the victim's family in the punishment phase of capital trials stating it was a violation of the Eight Amendment to the United States Constitution. **Booth v. Maryland**, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987). The Supreme Court overruled this in **Payne v. Tennessee,** 501 U.S. 808, 825, 111 S. Ct. 2597, 2608, 115 L. Ed. 2d 720 (1991) stating "In the event that evidence is introduced that is so unduly prejudicial that it renders the trial fundamentally unfair, the Due Process Clause of the Fourteenth Amendment provides a mechanism for relief. See **Darden v. Wainwright**, 477 U.S. 168, 179–183, 106 S.Ct. 2464, 2470–2472, 91 L.Ed.2d 144 (1986). **Payne v. Tennessee,** 501 U.S. 808, 825, 111 S. Ct. 2597, 2608, 115 L. Ed. 2d 720 (1991)

The Texas Courts have rendered opinions consistent with **Booth** and in **Stavinoha v. State,** 808 S.W.2d 76, 80 (Tex. Crim. App. 1991), **Miller-El v. State,** 782 S.W. 2nd 892 (Tex. Crim. App. 1990) outlined that evidence should not be unduly prejudicial to deny the defendant's a fair and impartial trial.

In the instant case the focus the State of Texas sought for this type of testimony was not focused on the Appellant's past or history, but on the effect the events had on the victim's family and Mr. Reyes, not the victim. Similar to the original opinion in **Booth.**

**Texas Code of Crim. Proc 56.03** allows a judge to consider the Presentence Investigation Report and has extended it to include similar evidence can be presented to the jury to consider regarding the punishment to be assessed. The rule does not allow or express and opinion as to whether the emotional impact of the event or the affect it had on a family member could be admitted into evidence over the relevancy objection of the Appellant.

**Tex.Code Crim. Proc 37.07** allows the State in the punishment phase of the proceedings to bring before the jury the criminal history of the defendant. It does not allow the State to overwhelm the jury with emotional testimony regarding how the event has affected each individual family member.

Mr. Reyes was articulate and persuasive in expressing his grief and the extent of the Appellant's actions had on the family as a whole. This emotional evidence could not be rebutted by the Appellant and it focused the jury's attention away from sentencing the Appellant on his actions and directed the attention to the effect it had on individual family members.

In examining the record as a whole this Court should overturn the conviction and reverse and remand this Cause for a new trial. The decision by the State to use this testimony had a substantial influence on the outcome of the proceeding and denied the Appellant due process of law under the **14th Amendment to the United States Constitution and Article One Section 10 of the Texas**

79

**Constitution** and was harmful to the Appellant. The Appellant would request that the Honorable Court grant points of error Forty eight and Forty Nine and reverse and remand this cause for a new trial on punishment.

## APPELLANT'S POINT OF ERROR NUMBER FIFTY ONE

THE TRIAL COURT ERRED ALLOWING OFFICER RAMIEZ HEARSAY EVIDENCE THAT THE APPELLANT'S MOTHER COMMITTED THE OFFENSE OF HINDERING APPREHENSION IN VIOLATION OF TEXAS RULES OF EVIDENCE 802

### STATEMENT OF FACTS

The Appellant would request that the Honorable Court consider each and every previously written Statement of Facts and would add the following for judicial economy:

The assistant district attorney asked questions of Officer Ramirez of the Brownsville, Police Department questions concerning the Appellant's mother. The State over the Appellant's objection was able to solicit information that Appellant's mother provided assistance to the Appellant while he was living in Mexico and after the aggravated assault. (R.R. Vol. 3 p18-25)

He specifically asked "did you develop any probable cause for her hindering the apprehension? She confirmed that he did cross into Matamoros in her statement that she provided. She spoke with him there at an aunt's house and she also confirmed that he told her I shot her" (R.R. Vol 3 p. 24). When she was talking with us, she told us that she did talk to him about coming back and he refused to

do so" (R.R. Vol 3 p. 26) The continued questions by asking Do you recall how much money it was? $30. in U.S. currency and $150. to $170 in Mexican currency (R.R. Vol 3 p. 26)

## STANDARD OF REVIEW AND
## ARGUMENT AND AUTHORITIES

The State's theory was that this testimony was admissible based on 803(24) Texas Rules of Evidence statement against interest. Appellant objected under the hearsay and relevance.

The standard for appellate review is abuse of discretion by the Trial Court. **Tex. R. App. Proc 44.2(b)** under that analysis; the Court is to disregard the error if it does not affect Appellant's substantial rights. **Montgomery v. State,** 810 S.W.2d 372 (Tex.Crim.App.1990) The appellate court must uphold the Trial Court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. The appellate court must review the Trial Court's ruling in light of what was before the Trial Court at the time the ruling was made. **Weatherred v. State**, 15 S.W.3d 540, 542 (Tex.Crim.App.2000).

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted." **Tex.R.Crim.Evid. 802**. A statement includes written verbal expression. **Bigby v. State**, 892 S.W.2d 864, 888 (Tex. Crim. App. 1994)

The admissibility of an out-of-court statement under the exceptions to the general hearsay exclusion rule is within the Trial Court's discretion." **Lawton v. State,** 913 S.W.2d 542, 553 (Tex.Crim.App.1995). The Trial Court will be "reversed only if the decision is outside the zone of reasonable disagreement." **Salazar v. State**, 38 S.W.3d 141, 151 (Tex.Crim.App.2001). "Before the reviewing court may reverse the Trial Court's decision, it must find the Trial Court's ruling was so clearly wrong as to lie outside the zone within which reasonable people might disagree." **Taylor v. State**, 268 S.W.3d 571 (Tex.Crim.App.2008*); Pena* **v. State**, 353 S.W.3d 797 (Tex.Crim.App.2011). Furthermore, "it is well settled that an out-of-court 'statement' need not be directly quoted in order to run afoul of the hearsay rules." **Head v. State**, 4 S.W.3d 258 (Tex.Crim.App.1999); Alcala **v. State**, 13-12-00173-CR, 2013 WL 6053837 (Tex. App. Nov. 14, 2013), petition for discretionary review refused (May 7, 2014)

It is clear that the statements made by Officer Ramirez were hearsay statements and should not have been admitted. The State's theory that the statements were against the interest of the speaker may well have been admitted as long as the State of Texas complied with the law and 803(24) (B) Statement Against Interest. A statement that:

> **(A)** a reasonable person in the declarant position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant proprietary or pecuniary interest or had so great a tendency to invalidate the declarant claim against someone else or to expose the

82

declarant to civil or criminal liability or to make the declarant an object of hatred, ridicule, or disgrace; and
**(B)** is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability. **Tex. R. Evid. 803(24)**

"Where there is an inescapable conclusion that a piece of evidence is being offered to prove statements made outside the courtroom, a party may not circumvent the hearsay prohibition through artful questioning designed to elicit hearsay indirectly. In short, "statement" as defined in Rule 801 necessarily includes proof of the statement whether the proof is direct or indirect" **Head v. State**, 4 S.W.3d 258, 261 (Tex. Crim. App. 1999)

A statement against interest is a statement that tends to subject the declarant to criminal liability. **Tex.R.Evid. 803(24).** A reasonable person in the declarant position would not have made the statement unless he believed it to be true. *Id.* To be admissible, the statement must subject the declarant to criminal liability and corroborating circumstances must indicate the trustworthiness of the statement. In deciding whether the corroboration is sufficiently convincing to clearly indicate the trustworthiness of a statement, a number of factors should be considered: (1) whether guilt of the declarant is inconsistent with guilt of the accused; (2) whether the declarant was so situated that he might have committed the crime; (3) the timing of the declaration; (4) the spontaneity of the declaration; (5) the relationship between the declarant and the party to whom the statement is made; and (6) the

existence of independent corroborative facts. **Davis v. State**, 872 S.W.2d 743, 748–49 (Tex.Crim.App.1994). The burden of producing corroborative evidence to prove the trustworthiness of the statement falls on the party seeking admission. **Cofield v. State**, 891 S.W.2d 952, 955 (Tex.Crim.App.1994) .**Gonzalez v. State,** 296 S.W.3d 620, 628 (Tex. App. 2009)

The rulings were out of the zone of reasonableness.   In applying the "harmless error" test for constitutional error, this Court's primary question is whether there is a "reasonable possibility" that the error might have contributed to the conviction. **Mosley v. State,** 983 S.W.2d 249, 259 (Tex.Crim.App.1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999). Harmless error analysis should not focus on the propriety of the outcome of the trial; instead, the court should calculate as much as possible the probable impact on the jury in light of the existence of other evidence. **Wesbrook v. State,** 29 S.W.3d 103, 119 (Tex.Crim.App.2000), *cert. denied,* 532 U.S. 944, 121 S.Ct. 1407, 149 L.Ed.2d 349 (2001).  The Court "should take into account any and every circumstance apparent in the record that logically informs an appellate determination whether 'beyond a reasonable doubt that particular error did not contribute to the conviction or punishment,' " and if applicable, consider the nature of the error, the extent that it was emphasized by the State, it's probable collateral implications, and the weight a juror would probably place on the error. **Snowden**

**v. State**, 353 S.W.3d 815, 822 (Tex.Crim.App.2011) (quoting **Tex.R.App. P. 44.2(a), Sanders v. State,** 422 S.W.3d 809, 817-18 (Tex. App. 2014), petition for discretionary review refused (June 11, 2014)

After reviewing the record the error was not harmless. The decision by the State to use this testimony had a substantial influence on the outcome of the proceeding and was harmful to the Appellant. The Appellant would request that the Honorable Court grant point of error number fifty one and reverse and remand this cause for a new trial on punishment.

**PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** it is respectfully submitted that each and every point of error be granted and the Appellant cause be reversed and remanded for a new trial.

Respectfully submitted,
/s/Douglas H. Pettit
Douglas H. Pettit
680 East St. Charles St
Brownsville, Texas 78520
Phone 956-243-6455
TBN 15861300
Dpettitlaw@hotmail.com
ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I Douglas H. Pettit hereby certify that a true and correct copy of the foregoing brief was hand delivered to the Cameron County District Attorney's office Appellate Division on this the 15th day of May 2015.

/s/ Douglas H. Pettit
Douglas H. Pettit


## CERTIFICATE OF COMPLIANCE

Pursuant to TEX R. APP. P 9.4 (1)(i)(1), I certify that this document

complies with the type volume limitations of TEX. R. APP P 9.4(i)(2)(D):

Exclusive of the exempted portions set out in TEX R. APP P 9.4(i)(1) 13,309 words.are contained with those areas.


This document was prepared in proportionally spaced typeface using MicroSoft Office New Times Roman 14 for Text and Times New Roman 12 for footnotes

/s/Douglas H. Pettit

Douglas H. Pettit